451 A.2d 1038

**In the Matter of Richard B. PFLAUM, a/k/a Richard Pflaum.**

**Appeal of Richard PFLAUM.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1982.

Filed Oct. 22, 1982.

Harry S. Rosenthal, Wyndmoor, for appellant.

602

Ronald T. Williamson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Court of Common Pleas of Montgomery County denying appellant's "Petition to Expunge" his arrest records.

On May 21, 1976 appellant, Richard B. Pflaum, was charged with burglary, criminal trespass, theft and disorderly conduct. Following a hearing before a district justice all charges were dropped except for the disorderly conduct charge to which appellant pled guilty.

On April 13, 1981, appellant filed a "Petition to Expunge." On June 17, 1981 a "hearing" was held before the Honorable Frederick B. Smillie. The record, at that "hearing", unequivocally shows that the Commonwealth concurred in appellant's view that as to the charges dropped, expungement was proper, but did not agree with expunging records pertaining to the disorderly conduct offense. Appellant's request to introduce testimony in support of his petition was denied. The lower court concluded that "hearing" without judgment and took the matter under advisement. The next day appellant's petition was denied. On July 7, 1981 appellant filed this appeal. The case was then assigned to the Honorable Vincent Cirillo, who, on August 5, 1981, wrote an opinion supporting the denial of appellant's petition to expunge.

Appellant contends that the lower court erred in denying his petition to expunge the criminal records pertaining to the charges that were dropped or, in the alternative, that the court erred in denying his petition without first taking testimony on the matter. Appellant does not challenge the propriety of the lower court's refusal to expunge the records concerning the disorderly conduct offense.

The brief record from the expungement hearing best describes what transpired:

THE COURT: Let's take the case of Richard Pflaum, Petition to Expunge.

MR. SOMMAR: Your Honor, Mr. Ditter of our office answered this Petition to Expunge.

In that answer he admitted to the facts alleged in the Petitioner's request with the exception of the disorderly conduct, which he felt should not be an expungement.

These arose out of the same incident and the defendant was charged with burglary and criminal trespass and assorted other charges. He plead guilty to disorderly conduct summary offense before District Justice Zepp.

For that reason, Mr. Ditter felt that the other charges should be expunged. However, the disorderly conduct should not.

MR. ROSENTHAL: Your Honor, I would like to—my understanding as I was not involved in this case which goes back to 1976, but my understanding is that Mr. Pflaum was charged with criminal conspiracy, burglary and theft. And I believe there is a possibility that he was not charged with disorderly conduct originally.

What then happened was a hearing was held before District Justice Zepp and the conspiracy, burglary and theft charges were dropped and Mr. Pflaum, at that point pleaded guilty to the summary offense of disorderly conduct.

So, as a matter of mechanics, I wonder if the record is expunged in its entirety would in fact, thereby expunge the conspiracy, burglary and theft and the disorderly conduct would not appear anyway other than before District Justice Zepp and his records.

So, I am really frankly, Your Honor, not sure what the mechanics would be in this kind of situation.

THE COURT: Mr. Sommar, You have nothing to add other than what was said in the answer?

MR. SOMMAR: That is correct, Your Honor.

THE COURT: All right. We will take it under advisement.

MR. ROSENTHAL: Your Honor, if I might just point out to Mr. Pflaum, has come from Pittsburgh [sic] to attend the hearing. If your Honor would like testimony may it be done this moring [sic] so that Mr. Pflaum need not come back?

THE COURT: There is no testimony to be taken.

MR. ROSENTHAL: Other than he is a college graduate and he has a solid work history, and no prior arrests before or after—

MR. SOMMAR: Your Honor, all those facts were admitted in our answer.

THE COURT: How old are you now?

MR. PFLAUM: 32.

THE COURT: Where do you live now?

MR. PFLAUM: I live in Pittsburg. [sic]

THE COURT: Where?

MR. PFLAUM: The north side of Pittsburg. [sic]

THE COURT: Where?

MR. PFLAUM: 3164 McClure Avenue.

THE COURT: All right.

MR. ROSENTHAL: Thank you, Your Honor.

The lower court opinion justifying the denial of appellant's petition to expunge the records of the charges that were dropped stated:

The expungement of the charges that were dropped is a matter within the sound discretion of the trial court. Where a guilty plea to a lesser charge is accepted, the Commonwealth, by inference, has shown some culpability on the part of the defendant in reference to the other charges. The burden then shifts to the defendant to show non-culpability to a hearing, and further, to demonstrate that his right to be free from the harm ancillary to an arrest record exceeds the Commonwealth's interest in maintaining arrest records. *West [Wert] v. Jennings,* 249 Pa.Super. 467, 378 A.2d 390 (1977). *The defendant, at his expungement hearing, did not meet his burden because he presented no evidence to show how he was being harmed*

*by his arrest being on his record.* Therefore, it was well within the Court's discretion to deny the petitioner's Petition to Expunge the burglary, theft, and conspiracy charges from his record.

The trial court was correct in denying the Petition to Expunge because a conviction cannot be expunged, and the petitioner failed to meet his burden of showing lack of culpability at the hearing. (Emphasis added)

■ It is well settled in Pennsylvania that an individual has the right, as an adjunct to due process, to seek expungement of his criminal records *Commonwealth v. Rose,* 263 Pa.Super. 349, 397 A.2d 1243 (1979); *Commonwealth v. Malone,* 244 Pa.Super. 62, 366 A.2d 584 (1976). Due process requires that a hearing be held to effectuate that right:

Punishment of the innocent is the clearest denial of life, liberty and property without due process of law. To remedy such a situation, *an individual must be afforded a hearing to present his claim that he is entitled to an expungement*—that is, because an innocent individual has a right to be free from unwarranted punishment, a court has the authority to remedy the denial of that right by ordering expungement of the arrest record (footnote omitted). *Commonwealth v. Malone,* 244 Pa.Super. at 69, 366 A.2d at 588.

■ We do not concur in the lower court's unsupported conclusion that a guilty plea to a lesser charge necessarily implies appellant's guilt to the other charges which were dropped. There are numerous reasons why the Commonwealth would decide to drop charges against a defendant; one certainly being that the Commonwealth believes it does not have sufficient evidence to establish a prima facie case. Nor do we agree with the lower court that the burden of proof of non-culpability shifted to appellant. The burden rested with the Commonwealth to introduce "compelling evidence to justify retention of such information." *Commonwealth v. Malone, supra* 244 Pa.Super. at 70, 366 A.2d at 589. (as in the instant case, it was the Commonwealth's burden to go forward where the charges had been dismissed

at a preliminary hearing). The lower court further found that appellant had failed to meet his burden and used that finding to support its denial of appellant's petition. We are mystified, however, as to how appellant could be found to have failed to meet a burden of proof when *he was not permitted to introduce testimony.* The above proceedings simply do not comport with due process and, in effect, the lower court's action denied appellant the hearing to which he was entitled. Nevertheless, remanding the case to the lower court for purposes of conducting a hearing will not be necessary.

■ To expunge an individual's criminal record, a court must be satisfied that the individual's interest in being free from the disabilities created by the record outweigh the Commonwealth's interest in retaining them. *Commonwealth v. Mueller,* 258 Pa.Super. 219, 392 A.2d 763 (1978).

In support of expungement, appellant set forth the following allegations in his petition:

7. Except for the aforesaid incident, Petitioner has no previous or subsequent felony or misdemeanor arrests or convictions in any jurisdiction.

8. Petitioner is a 1970 graduate of Delaware Valley College with a B.S. Degree in Animal Husbandry.

9. Petitioner has experienced substantial difficulties in obtaining suitable employment due to his criminal arrest and record described aforesaid. Further, Petitioner has experienced substantial difficulties and impediments to being accepted to post-college graduate school due to the aforesaid. As a result, Petitioner is now employed as a taxi-cab driver.

10. The presence of the aforesaid records in the files of the agencies heretofore described is unjustified, and is and will be harmful to Petitioner's reputation and calling.

■ The Commonwealth stipulated to each of the above allegations and consented to the expungement of the charges which had been dropped. We find the facts of record sufficient to justify expunging appellant's records pertaining to those charges.

The order of the lower court is reversed and the case remanded to that court with directions to enter an order granting expungement. This court does not retain jurisdiction.