**COMMONWEALTH of Pennsylvania,
Appellee**

**v.**

**V.G., Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 2010.

Filed Nov. 16, 2010.

Jonathan L. Swichar, Philadelphia, for appellant.

Stephen B. Harris, Doylestown, for appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES, J., and McEWEN, P.J.E.

OPINION BY BOWES, J.:

V.G. seeks expungement of charges to which he pleaded *nolo contendere* but mentally ill. We affirm the trial court's refusal to expunge those charges.

The facts are straightforward. On September 12, 1986, Appellant entered a plea of *nolo contendere* but mentally ill to charges of burglary of an occupied structure, theft, and receiving stolen property. At approximately 3:00 a.m. on January 19, 1986, Appellant broke into an occupied house located in Bensalem, stole a set of car keys, and then a station wagon. He was sentenced to two to twenty-three months incarceration. On November 13, 2008, Appellant filed a petition to expunge the record of his *nolo contendere* plea to these charges. That petition was denied, and this appeal followed.

"The decision to grant or deny a request for expungement of an arrest rec-

ord lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion." *Commonwealth v. Waughtel,* 999 A.2d 623, 624–25 (Pa.Super.2010) (quoting *Commonwealth v. Hanna,* 964 A.2d 923, 925 (Pa.Super.2009)). In *Waughtel,* we provided a comprehensive outline of the law applicable to expungement. Defendants in Pennsylvania have a due process right to petition for expungement that is not dependent upon statutory authority. *Id.* at 625; *see Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877, 879 (1981). Where a defendant is convicted of a crime, he is not entitled to expungement of that crime, except as outlined by 18 Pa.C.S. § 9122, which is an extensive statutory provision governing expungement. *Waughtel, supra; Commonwealth v. Maxwell,* 737 A.2d 1243, 1244 (Pa.Super.1999).[1] "At the opposite extreme, if the defendant is acquitted, he is generally entitled to automatic expungement of the charges for which he was acquitted." *Waughtel, supra* at 625 (citing *Commonwealth v. D.M.,* 548 Pa. 131, 695 A.2d 770 (1997)).

In the *Wexler* case, our Supreme Court confronted the question of whether a defendant was entitled to have his arrest record expunged when the charges were *nol prossed* because the Commonwealth came to the conclusion that it had insufficient evidence to prosecute the defendant. Our Supreme Court answered in the affirmative. It first observed:

> The serious harm an individual may suffer as a result of the Commonwealth's retention of an arrest record has been set forth in *Commonwealth v. Malone,* 244 Pa.Super. 62, 68–69, 366

A.2d 584, 587–88 (1976). Because of this potential hardship, the Court in *Malone* recognized that in certain circumstances substantive due process guarantees an individual the right to have his or her arrest record expunged. In determining whether justice requires expungement, the Court, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records. The Superior Court, in *Commonwealth v. Iacino,* 270 Pa.Super. 350, 411 A.2d 754 (1979) (Spaeth, J., concurring) listed several factors that should be considered in determining the respective strengths of the Commonwealth's and petitioner's interest in this type of case, and we cite them here with approval:

> "These (factors) include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied."

*Id.* at 358, 411 A.2d at 759. We note that this is not necessarily an exclusive or exhaustive list; other factors may require examination in a particular case. *Wexler,* 431 A.2d at 879.

In *Wexler,* the trial court refused to expunge the arrest records of two defendants who were married because the arrests were lawful and the defendants had

---

1. We observe at this point that Appellant herein does not invoke any provision of § 9122.

been bound over for trial after a preliminary hearing. After those events, the charges against the Wexlers were *nol prossed* based upon the district attorney's conclusion that the defendants' actions did not support convictions for the charges pending before them. Additionally, at the expungement hearing, the Commonwealth admitted that it dropped the cases against the defendants because it could not prove they were guilty beyond a reasonable doubt. Our Supreme Court stated, "We believe this fact places a heavy burden upon the Commonwealth to present compelling evidence justifying the retention of Mr. and Mrs. Wexler's arrest records." *Id.* at 880.

Our Supreme Court reversed the trial court's refusal to expunge, concluding that a decision to *nol pros* charges due to a lack of evidence was not materially different from an acquittal. It ruled that "if the Commonwealth does not bear its burden of proof beyond a reasonable doubt [as in an acquittal], or admits that it is unable to bear its burden of proof (as in the present case), the Commonwealth must bear the burden of justifying why the arrest record should not be expunged." *Id.* It continued that the Commonwealth therein had offered no specified, valid reason for retaining the Wexlers' arrest records and granted them expungement. *See also Commonwealth v. V.A.M.*, 980 A.2d 131, 135 (Pa.Super.2009), *appeal granted,* 991 A.2d 884 (Pa.2010) (defendant was convicted but then granted new trial on appeal; on remand, Commonwealth *nol prossed* all charges after being unable to locate complaining witness; defendant entitled to expungement).

The *Wexler* court further held that where a defendant has been admitted to ARD with respect to criminal charges and has successfully completed the ARD program, expungement should be granted un-

less the Commonwealth produces specific, compelling reasons for retaining the arrest record.

In the case of *Commonwealth v. D.M., supra,*

> the Pennsylvania Supreme Court reiterated the *Wexler* balancing test "as a means of deciding petitions to expunge the records of all arrests which are terminated without convictions except in cases of acquittals." *Id.* at 772. The Court, reasoning that the law offers no greater absolution to an accused than acquittal of the charges, and that expungement of an arrest record, after being found not guilty, is not a matter of judicial clemency, stated: "All the factors listed in *Wexler,* and similar additional considerations, should be evaluated in expunction cases which are terminated without conviction for reasons such as *nolle prosequi* or ARD. In cases of acquittal, however, we hold that a petitioner is automatically entitled to the expungement of his arrest record." *Id.* at 773.

*Commonwealth v. B.C.,* 936 A.2d 1070, 1073 (Pa.Super.2007).

Problems arise in the expungement area when the facts involve a scenario that falls between 1) conviction, which prevents expungement; and 2) circumstances mandating automatic expungement: acquittal or a *nol pros* based upon an inability to obtain a conviction or successful completion of ARD. *See Waughtel, supra.*

■ When the defendant pleads guilty and the Commonwealth agrees to dismiss charges as part of the plea agreement, a defendant is normally not entitled to expungement of the dropped charges under the *Wexler* factors. *Commonwealth v. Lutz,* 788 A.2d 993 (Pa.Super.2001). In such a scenario, the Commonwealth dismisses charges in connection with a plea

arrangement and, accordingly, there is no implicit or express admission that it lacks evidence to convict a defendant of the crimes. The action of dropping the charges is viewed as a contractual arrangement negotiated as part of the plea bargain. *Id.* This situation is contrasted with that involved in the *nol pros* setting, where the Commonwealth concedes that there is insufficient evidence to support the dismissed charges. *Id.* Thus, if expungement were permitted as to charges withdrawn pursuant to a plea bargain rather than due to a lack of evidence, there would not be an accurate record of the agreement reached by the defendant and the Commonwealth. *Id.* Furthermore, "In the absence of an agreement as to expungement, Appellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged." *Id.* at 1001. *But see Commonwealth v. A.M.R.,* 887 A.2d 1266 (Pa.Super.2005) (where charges of theft and misapplication of entrusted property were dropped after defendant agreed to resign from his job, defendant's arrest record was ordered to be expunged); *Matter of Pflaum,* 305 Pa.Super. 600, 451 A.2d 1038 (1982) (before the district justice, Commonwealth dropped charges of burglary, trespass, and theft and defendant pleaded guilty to disorderly conduct; defendant was entitled to have record of withdrawn charges expunged). In applying *Lutz* and *Wexler* in the plea agreement setting, we have had occasion to remand to the trial court to make a clear record as to whether charges were *nol prossed* based upon lack of evidentiary support or whether the charges were dropped in exchange for the plea. *See Commonwealth v. Hanna,* 964 A.2d 923 (Pa.Super.2009).

█ In this case, Appellant urges that the *Wexler* factors should be applied and that, when so applied, expungement should be awarded. We note that the trial court initially ruled that since Appellant pled *nolo contendere,* the *Wexler* factors did not apply in the first instance because Appellant's plea is considered a conviction. It also, however, concluded that even if the *Wexler* factors were to be applied, expungement was unwarranted. *See* Trial Court Opinion, 5/11/09, at 6–7.

█ The initial flaw in Appellant's position is that he is not seeking expungement of charges that were *nol prossed* due to lack of evidence or for which he was acquitted. Appellant entered a plea of *nolo contendere* to burglary, which is a felony, as well as theft and receiving stolen property. It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case. *Commonwealth v. Leidig,* 850 A.2d 743, 745 (Pa.Super.2004) ("in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea"). We are aware that by entering a *nolo contendere* plea, a defendant does not admit that he is guilty. *Commonwealth v. Lewis,* 791 A.2d 1227 (Pa.Super.2002); *see also Commonwealth v. Moser,* 999 A.2d 602 (Pa.Super.2010). "As the United States Supreme Court has held, a plea of *nolo contendere* is 'a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him **as if he were guilty**.' *North Carolina v. Alford,* 400 U.S. 25, 36, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 170 (1970)." *Lewis, supra* at 1234 (emphasis added). "[T]he difference between a plea of *nolo contendere* and a plea of guilty is that, while the latter is a confession binding defendant in other proceedings, the former has no effect beyond the particular case." *Moser, supra* at 606 (quoting *Commonwealth ex rel. Monaghan v. Burke,* 167 Pa.Super. 417, 74 A.2d 802,

804 (1950)). Thus, for purposes of proceedings relating to the charges, Appellant agreed to be treated as guilty of the crimes. Expungement proceedings are those that relate to the crimes.

Appellant undoubtedly presents a compelling case. On January 19, 1986, Appellant, who was mentally ill and under psychiatric treatment, was operating under the delusion that the world was coming to an end. He broke into someone's home and used the telephone in an attempt to call and warn the government that the country was under nuclear attack. Since his car had broken down and he could not reach the President, Appellant stole the occupants' car to travel to Washington D.C. Appellant has been under treatment since the event, has been successfully using therapeutic drugs, has committed no further crimes, and has apparently suffered setbacks to his recovery based upon the stigma of his crime. Appellant also makes a forceful argument that, given his severe delusions, he should have been admitted to the Accelerated Rehabilitative Disposition ("ARD") for first time offenders.

However, as the Commonwealth points out, Appellant does not meet the criteria for application of the *Wexler* factors. He pled *nolo contendere* but mentally ill. He admitted that he could not contest that he committed the actions. Breaking into a home, taking car keys, and stealing a car constitute the crimes of burglary, theft, and receiving stolen property. By entering the plea, Appellant agreed that he could be treated as guilty of these crimes.

As our Supreme Court in *D.M., supra,* observed, "All the factors listed in *Wexler,* and similar additional considerations, should be evaluated in expunction cases which are terminated **without conviction for reasons such as *nolle prosequi* or ARD.**" *D.M., supra* at 773 (emphasis add-

ed). Appellant's case was not terminated without conviction for reasons such as *nolle prosequi* or ARD. Thus, Appellant does not fall within the express parameters of the *Wexler* and *D.M.* decisions. Accordingly, we agree with the trial court that Appellant does not have a due process right to expungement and that he must seek relief by statute or through pardon by the Governor of Pennsylvania. As sympathetic as we are to Appellant's plight, we are a court of law and must apply pertinent legal principles.

Appellant invokes *B.C., supra,* and *Commonwealth v. W.P.,* 417 Pa.Super. 192, 612 A.2d 438 (1992), in making his case that this Court should apply the *Wexler* factors. In both decisions, the defendants were found not guilty by reason of insanity. Thus, those defendants had a facially-supportable position that they had been acquitted, which affords a person a due process right to expungement under *Wexler.* Nevertheless, in both cases, we upheld the conclusion that expungement was unwarranted. In *B.C.,* we ruled specifically that the verdict in question was not equivalent to an acquittal and automatic expungement was not compelled. We observed, "A verdict of not guilty by reason of insanity means that the defendant *did* commit the act, but because of his mental illness he cannot be legally responsible." *B.C., supra* at 1074 (emphasis in original). We concluded that such a determination does not equate to innocence.

In those cases, we applied the *Wexler* factors; however, in both instances, we concluded that those factors did not compel expungement. In *W.P.,* the defendant attacked a police officer. We held that the Commonwealth demonstrated a compelling reason to retain defendant's arrest record because the assault was violent, the defendant continued to be treated for mental

illness, and the defendant also committed an uncharged attack on a nurse.

In *B.C.*, the defendant committed conduct not dissimilar to that at issue herein:

> When police arrived at Appellant's home on April 24, 1989, Appellant was in disarray, his clothes were torn, his left hand was bloody, and he was holding up a Bible saying, "I am your Lord and Savior." Appellant who was out of control, forcefully attacked the officer and tried to remove the gun from the officer's holster. Appellant was also observed banging his head against the wall and drinking from the toilet bowl. According to Appellant's motion in this case, he was diagnosed with schizophrenic disorder.

*B.C., supra* at 1071 (quoting trial court opinion, citations to record omitted). Therein, there was no information as to the mental health treatment of defendant who had committed no crimes since 1989. We held that the violent nature of defendant's actions provided a compelling need for the Commonwealth's retention of his arrest records.

*B.C.* and *W.P.* both involved determinations that the defendants were not guilty by a factfinder. Herein, Appellant entered what is considered to be a guilty plea in terms of its effect on this case. Even if, based upon *B.C.* and *W.P.*, the *Wexler* factors should be applied, neither of those cases would support expungement. Appellant continues to be in need of treatment and committed serious crimes by breaking into a house in the middle of the night and stealing a car. The Commonwealth's case against Appellant was strong, and the Commonwealth wishes to retain his arrest records due to the serious nature of the criminal charges. We have a narrow standard of review of the trial court's decision herein, and we cannot conclude that it abused its discretion in denying expungement. Hence, we are compelled to affirm.

Order affirmed.