J-A28041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY TOMER | |
| Appellant | No. 939 EDA 2014 |

Appeal from the Order February 14, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-MD-0001162-2009

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 05, 2014**

Jeffrey L. Tomer appeals an order denying his petition to expunge his 2009 conviction for indirect criminal contempt ("ICC") arising out of an alleged violation of a Protection from Abuse ("PFA") order.  Tomer's petition claims his ICC conviction is unjustified and harmful to his reputation. Trial Court Opinion, 5/7/2014, at 1. We affirm on the basis of the well-reasoned trial court opinion.

The Commonwealth aptly sets forth the underlying factual background as follows:

> On February 24, 2009, appellant's wife Pure[u]suren Tomer, filed a PFA complaint against him. On April 2, 2009, counselled appellant agreed to a Final Protection from Abuse Order before the Honorable Maureen Fitzpatrick of the Court of Common Pleas of Delaware County, as follows:

Defendant is completely evicted and excluded from the residence at 507 Corinthian Avenue, Apartment A, Essington, Pennsylvania 19029, except for picking up and delivering children at agreed times and maintenance of properly only at specific times.

On May 29, 2009, appellant was charged with Indirect Criminal Contempt on complaint, of his wife, Pure[u]suren Tomer. [The complaint alleged:]

On May 24, 2009, at 9:00 a.m. I met my husband at Tinicum Police Station to drop of our children for their visitation with their father. I went home and was out front on my lawn with my neighbors when at around 10:15 a.m. the defendant came flying down the street very fast that he slid and crashed the car into the curb outside my residence. Our children were in the car. Defendant leaned across to passenger side window and said something to my neighbor about the lawn mower we were working on and my neighbor walked away and the defendant said to me 'I will get you.' Defendant left and I called 911 because he scared me.' DA's office has copies of Police Report [. . .] all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of 6114 and of the Title 23 Domestic Relations Act.

Appellant contested the charges and a hearing was held June 4, 2009 before [the] Honorable Michael F. X. Coll, with Donna Frank[] representing the Commonwealth and Jay Feinschil representing defendant. It was stipulated that the PFA was in place at the time of the alleged violation. Ms. Tomer testified that on May 24, 2009, outside their house, defendant threatened her. He said, 'I will get you.' (N.T. 6/14/09, 7).

- 2 -

> Defendant testified and denied the threat 'I have never harmed my wife one --- never. I will never harm my wife. I don't desire any harm for her. I love her.' Id. 32.
>
> The court found him guilty of the ICC violation and sentenced him on June 4, 2009 to six month's probation. No appeal was taken from the Judgment of Sentence.

Commonwealth's Brief at 2-3.

On January 14, 2014, Tomer filed a *pro se* petition to expunge his ICC record. On January 30, 2014, the trial court convened a hearing and, on February 12, 2014, issued an order denying Tomer's request for expungement. On March 12, 2014, Tomer filed a timely notice of appeal. On March 13, 2014, the trial court directed Tomer to file his 1925(b) statement and, on April 1, 2014, he complied.

Tomer presents the following issues for our review:

1) [Is the appellant entitled to] expungement of an ICC conviction where the countermand of a questionable and disputed lower [c]ourt indirect contempt of court order is merited?

2) [Is the appellant entitled to] a new trial through the reinstatement of appellate rights based upon the fact that notification of the 10 day right to file a motion and 30 day appeal period was not extended to plaintiff/appellant by the lower [c]ourt in opposition to PA statute?

Appellant's Brief at 8.

We review the decision of the trial court to grant or deny a request for expungement of an arrest record for an abuse of discretion. *Commonwealth v. V.G.*, 9 A.3d 222 (Pa.Super.2010).

When a defendant has been convicted of charges, and not merely arrested, an expungement of the defendant's criminal history records is only permissible under limited circumstances set forth in 18 Pa.C.S.A. § 9122. *Hunt v. Pennsylvania State Police*, 983 A.2d 627, 633 (Pa.2009). Section 9122 provides:

> **(a) Specific proceedings.--**Criminal history record information shall be expunged in a specific criminal proceeding when:
>
>> (1) no disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement;
>
>> (2) a court order requires that such nonconviction data be expunged; or
>
>> (3) a person 21 years of age or older who has been convicted of a violation of section 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages), which occurred on or after the day

- 4 -

the person attained 18 years of age, petitions the court of common pleas in the county where the conviction occurred seeking expungement and the person has satisfied all terms and conditions of the sentence imposed for the violation, including any suspension of operating privileges imposed pursuant to section 6310.4 (relating to restriction of operating privileges). Upon review of the petition, the court shall order the expungement of all criminal history record information and all administrative records of the Department of Transportation relating to said conviction.

**(b) Generally.--**Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

(2) An individual who is the subject of the information has been dead for three years.

(3)(i) An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.

(ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S. § 9122(a), (b).

While acknowledging the binding precedent of **_Commonwealth v. Charnik_**, 921 A.2d 1214 (Pa.Super.2012), in which this Court affirmed an order denying expungement of a PFA record, Tomer argues that PFA records are dissimilar and a case-by-case approach to expungement of such records is necessary to implement justice. He distinguishes his own circumstances, namely his consent to a PFA order that contained no admission of guilt,[1] which he claims was done in order to expedite a custody dispute, from the circumstances in **_Charnik_**, wherein the trial court found actual physical abuse and multiple, clear, willful violations of the PFA order. Appellant's Brief at 21-23. In support, he asserts:

> [T]he [**_Charnik_**] case exemplifies the extreme where there was [a] finding of actual physical abuse as well as a clear willful violation of the PFA order on multiple occasions and a finding of guilty. Rigidly following the [**_Charnik_**] case as exclusive precedent equates with mistreatment of dissimilar cases, an abuse of discretion in[sofar] as differentiation was deemed unworthy of the [c]ourt's attention.

Appellant's Brief at 22. Tomer further claims he entered into the PFA order without knowledge of its permanent status. **_Id._**

In addressing Tomer's claims, the trial court aptly reasoned:

---

[1] While Tomer refers to his "consent" to a PFA order, it is unclear whether he failed to contest his ex-wife's petition for a PFA order or failed to contest his subsequent violation of the order. His argument leads us to believe that he refers to the latter situation, i.e., that he failed to contest his violation of the PFA order.

Section 9122(a) sets forth circumstances in which expungement is mandatory, none of which are applicable to the case *sub judice*, as Defendant's charges resulted in a conviction, and the conviction is not for a violation of section 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages).[2]

\* \* \*

In **Charnik**, the Superior Court applied 18 Pa.C.S.A. § 9122(b) to decide whether or not the appellant's request for expungement of his convictions for ICC which arose out of violations of a PFA order should be granted. **Charnik** at 1215. The Court found that sections (b)(1) and (b)(2) did not apply to the appellant, and therefore his conviction for ICC could not be expunged. Here, as in **Charnik**, Defendant is less than 70 years of age and he has not been free of arrest for prosecution for ten years, and he is alive. Therefore, sections 1 and 2 do not apply to Defendant.

Since **Charnik** was decided, Section 9122 has been amended to include (b)(3), which allows for the expungement of summary offenses if the defendant is arrest and prosecution free for five years following his conviction. 2008 Pa. Legis. Serv. Act 2008-134 (H.B. 1543). This Court was unable to find any case law applying Section (b)(3) to ICC convictions for violation of a PFA order. **In applying Section (b)(3) to the instant case, this [c]ourt determined that it did not have discretion to grant Defendant's request for expungement for two reasons: (1) Defendant's conviction for ICC is not a conviction of a summary offense; and**

---

[2] **See** 18 Pa.C.S. § 9122(a)(3) (prescribing mandatory expungement for convictions under section 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages)).

**(2) even if Defendant's conviction is considered a summary offense conviction, Defendant has not been free of arrest or prosecution for five years following his conviction.**

The PFA Act sets forth the punishment for an ICC conviction arising from a violation of a PFA order, which may include: a fine of not less than $300 nor more than $1,000 and imprisonment up to six months; or a fine of not less than $300 nor more than $1,000 and supervised probation not to exceed six months. 23 Pa.C.S.A. § 6114(b)(1)(i). Section 6114 does not grade ICC arising from a violation of a PFA order, but merely provides the minimum and maximum sentences for a conviction. Where an offense is 'declared by law to constitute a crime, without specification thereof, [the offense] is a misdemeanor of the second degree, if the maximum sentence does not make a felony under this section.' 18 Pa.C.S.A. § 106(d). Therefore, this Court believes that an ICC charge arising from a violation of a PFA order is a misdemeanor of the second degree and not a summary offense. Further, 18 Pa.C.S.A. § 1105 states that the sentence of imprisonment for a summary offense shall not be more than 90 days. Section 6114 of the PFA Act allows for imprisonment for an ICC conviction of up to six months, which is greater than 90 days, indicating the legislature did not intend an ICC conviction for violation of a PFA order to be a summary offense. See 1 Pa.C.S.A. § 1922(2) (stating that in ascertaining the intention of the Generally Assembly, a court should presume that 'the General Assembly intends the entire statute to be effective and certain'); ***Freundt v. Com. Dept, of Transp., Bureau of Driver Licensing***, 883 A.2d 503, 506 (Pa. 2005) (finding that when interpreting a statute, 'individual statutory provisions must be construed with entire statute of which they are a part'). Finally, the Defendant's Criminal History Record was attached to his Petition. At page 1 of 1, that document shows the Pennsylvania State Police report[s] Defendant's ICC charge as a misdemeanor of the second degree.

> Because Defendant's conviction is not a summary offense conviction, the Court does not have discretion to grant expungement under Section 9122(b). Even if Defendant's conviction were considered to be a summary offense conviction, Defendant has not been free of arrest or prosecution for five years following his conviction. Defendant was convicted on June 4, 2009. Therefore, the five[-]year period would not expire until June 4, 2014.

Trial Court Opinion, 5/7/2014, at 5-7 (emphasis added).

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of the Honorable Ann Osborne, it is our determination that that the trial court did not abuse its discretion.[3]

Order affirmed.

_____

[3] Tomer has waived his second argument by failing to develop it with legal authority or citations to the record. **See** Pa.R.A.P. 2101 (this Court may quash or dismiss matter if defects in briefs or reproduced record are substantial), 2111 (rules governing content of briefs), 2119 (argument requirements, including a discussion and citation to authority). Reviewing courts do not act as counsel to develop arguments on behalf of appellants/petitioners. **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super.2007). When defects in a brief impede a reviewing court from conducting meaningful appellate review, the court may dismiss the appeal entirely or find that certain issues are waived. **Id. See also Commonwealth v. Luktisch**, 680 A.2d 877 (Pa.Super.1996) (issue is waived where defendant failed to develop argument in his appellate brief and cited no authority).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/5/2014</u>