J-S73035-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN MICHAEL MYERS | : | |
| | : | |
| Appellant | : | No. 770 WDA 2018 |

Appeal from the Order April 24, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001459-2000

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    FILED FEBRUARY 12, 2019

Appellant, Justin Michael Myers, appeals from the order entered on April 24, 2018 in the Criminal Division of the Court of Common Pleas of Erie County that denied his petition to expunge arrest records pertaining to a charge of carrying a firearm without a license, 18 Pa.C.S.A. § 6106(a).  We affirm.

The trial court summarized the historical facts and procedural history in this case as follows:

> In April of 2000, Appellant incurred two charges:  count 1, theft by unlawful taking movable [property] and count 2, firearms not to be carried without a license, graded as a third-degree felony.  The alleged facts were that Appellant stole a North American Armsa .22 Magnum Revolver Derringer from his parents' home.

> On August 23, 2000, Appellant entered a guilty plea to theft by unlawful taking.  He was sentenced to [a] period of two years of probation.  [At] count 2, firearms not to be carried without a license, [Appellant's charges were] nolle prossed the same date.  On August 12, 2002, Appellant was revoked from probation and sentenced to 90 days to one year of incarceration followed by one year of probation.

On January 17, 2018, Appellant filed a form petition to expunge his arrest record. The Commonwealth objected. Th[e trial c]ourt denied Appellant's request. Appellant filed a motion for reconsideration [and r]equest for hearing on February 12, 2018.

A Wexler hearing was held April 23, 2018. See Commonwealth v. Wexler, 431 A.2d 877 (Pa. 1981). After an evidentiary hearing, an order was entered April 24, 2018, denying expungement of Appellant's arrest record at count 2, firearms not be carried without a license.

Appellant filed a timely notice of appeal on May 22, 2018 and a concise statement of matters complained of on appeal on June 6, 2018. Appellant claims it was error or abuse of discretion for failure to apply the Wexler standards and its progeny such that the firearms arrest record should be expunged.

Trial Court Opinion, 7/6/18, at 1-2 (superfluous capitalization omitted).

On appeal, Appellant raises the following claim for our review:

Whether the trial court committed an abuse of discretion when it failed to correctly balance the competing interests of the Appellant and Commonwealth in determining whether the nolle prossed charge should be expunged.

Appellant's Brief at 4.

This Court previously explained the principles that govern expungement

of criminal history records in Commonwealth v. V.G., 9 A.3d 222 (Pa. Super.

2010).

"The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion." Commonwealth v. Waughtel, 999 A.2d 623, 624-625 (Pa. Super. 2010), quoting Commonwealth v. Hanna, 964 A.2d 923, 925 (Pa. Super. 2009). In Waughtel, we provided a comprehensive outline of the law applicable to expungement. Defendants in Pennsylvania have a due process right to petition for expungement that is not dependent upon

statutory authority. [Waughtel, 999 A.2d] at 625; see Commonwealth v. Wexler, 431 A.2d 877, 879 (Pa. 1981). Where a defendant is convicted of a crime, he is not entitled to expungement of that crime, except as outlined by 18 Pa.C.S.A. § 9122, which is an extensive statutory provision governing expungement. Waughtel, supra; Commonwealth v. Maxwell, 737 A.2d 1243, 1244 (Pa. Super. 1999). "At the opposite extreme, if the defendant is acquitted, he is generally entitled to automatic expungement of the charges for which he was acquitted." Waughtel, supra at 625, citing Commonwealth v. D.M., 695 A.2d 770 (Pa. 1997).

In the Wexler case, our Supreme Court confronted the question of whether a defendant was entitled to have his arrest record expunged when the charges were nol prossed because the Commonwealth came to the conclusion that it had insufficient evidence to prosecute the defendant. Our Supreme Court answered in the affirmative. It first observed:

> The serious harm an individual may suffer as a result of the Commonwealth's retention of an arrest record has been set forth in Commonwealth v. Malone, 366 A.2d 584, 587-88 (Pa. Super. 1976). Because of this potential hardship, the Court in Malone recognized that in certain circumstances substantive due process guarantees an individual the right to have his or her arrest record expunged. In determining whether justice requires expungement, the Court, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records. The Superior Court, in Commonwealth v. Iacino, 411 A.2d 754 (Pa. Super. 1979) (Spaeth, J., concurring) listed several factors that should be considered in determining the respective strengths of the Commonwealth's and petitioner's interest in this type of case, and we cite them here with approval:

>> "These (factors) include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the

- 3 -

> specific adverse consequences the petitioner may endure should expunction be denied."
>
> Id. at 759. We note that this is not necessarily an exclusive or exhaustive list; other factors may require examination in a particular case.
>
> Wexler, 431 A.2d at 879.

In Wexler, the trial court refused to expunge the arrest records of two defendants who were married because the arrests were lawful and the defendants had been bound over for trial after a preliminary hearing. After those events, the charges against the Wexlers were nol prossed based upon the district attorney's conclusion that the defendants' actions did not support convictions for the charges pending before them. Additionally, at the expungement hearing, the Commonwealth admitted that it dropped the cases against the defendants because it could not prove they were guilty beyond a reasonable doubt. Our Supreme Court stated, "We believe this fact places a heavy burden upon the Commonwealth to present compelling evidence justifying the retention of Mr. and Mrs. Wexler's arrest records." Id. at 880.

Our Supreme Court reversed the trial court's refusal to expunge, concluding that a decision to nol pros charges due to a lack of evidence was not materially different from an acquittal. It ruled that "if the Commonwealth does not bear its burden of proof beyond a reasonable doubt [as in an acquittal], or admits that it is unable to bear its burden of proof (as in the present case), the Commonwealth must bear the burden of justifying why the arrest record should not be expunged." Id. It continued that the Commonwealth therein had offered no specified, valid reason for retaining the Wexlers' arrest records and granted them expungement. []

The Wexler court further held that where a defendant has been admitted to ARD with respect to criminal charges and has successfully completed the ARD program, expungement should be granted unless the Commonwealth produces specific, compelling reasons for retaining the arrest record. Wexler, 431 A.2d at 880.

V.G., 9 A.3d at 223-225 (parallel citations omitted).

This Court has acknowledged problems that arise in expunction cases when the facts fall between a conviction, which prevents expungement, and circumstances mandating automatic expungement, such as an acquittal or a nol pros based upon an inability to obtain a conviction or successful completion of ARD. See V.G., 9 A.3d at 225. We have discussed these phenomena in the context of plea agreements.

> When the defendant pleads guilty and the Commonwealth agrees to dismiss charges as part of the plea agreement, a defendant is normally not entitled to expungement of the dropped charges under the Wexler factors. Commonwealth v. Lutz, 788 A.2d 993 (Pa. Super. 2001). In such a scenario, the Commonwealth dismisses charges in connection with a plea arrangement and, accordingly, there is no implicit or express admission that it lacks evidence to convict a defendant of the crimes. The action of dropping the charges is viewed as a contractual arrangement negotiated as part of the plea bargain. Id. This situation is contrasted with that involved in the nol pros setting, where the Commonwealth concedes that there is insufficient evidence to support the dismissed charges. Id. Thus, if expungement were permitted as to charges withdrawn pursuant to a plea bargain rather than due to a lack of evidence, there would not be an accurate record of the agreement reached by the defendant and the Commonwealth. Id. Furthermore, "In the absence of an agreement as to expungement, Appellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged." Id. at 1001; but see Commonwealth v. A.M.R., 887 A.2d 1266 (Pa. Super. 2005) (where charges of theft and misapplication of entrusted property were dropped after defendant agreed to resign from his job, defendant's arrest record was ordered to be expunged); Matter of Pflaum, 451 A.2d 1038 (Pa. Super. 1982) (before the district justice, Commonwealth dropped charges of burglary, trespass, and theft and defendant pleaded guilty to disorderly conduct; defendant was entitled to have record of withdrawn charges expunged). In applying Lutz and Wexler in the plea agreement setting, we have had occasion to remand to the trial court to make a clear record as to whether charges were nol prossed based upon

lack of evidentiary support or whether the charges were dropped in exchange for the plea. See Commonwealth v. Hanna, 964 A.2d 923 (Pa. Super. 2009).

V.G., 9 A.3d at 225-226.

In this case, Appellant argues that his firearms charge was nol prossed and that expungement should be awarded under the Wexler factors. The Commonwealth, however, argues that the firearms charge was dropped as part of a plea agreement and not because of a lack of evidence. Thus, the Commonwealth maintains that Wexler does not apply and expungement is not available to Appellant.

The difficulty in Appellant's position is that he has conceded that the factual component of the Commonwealth's case was strong. See N.T. Hearing, 4/23/18, at 6 (counsel acknowledging that "Appellant took the gun while he was leaving home, turn[ed] the corner and there's the police ... [h]e had the firearm on him"). It is thus uncontested that Appellant is not seeking expungement of a charge that was nol prossed due to lack of evidence or for which he was acquitted. Instead, the Commonwealth dropped the firearms charge against Appellant as part of the plea bargaining process and the parties made no agreement as to expungement. Under these circumstances, Appellant is not entitled to expungement. See Lutz, 788 A.2d at 999-1000 (explaining that Commonwealth's decision to drop charges pursuant to a plea agreement carries no implicit admission that proof is lacking); see also Hanna, 964 A.2d at 926-927.

Appellant no doubt presents a compelling case for expungement, particularly if the Wexler factors were to be applied. At the time of the underlying offenses, Appellant was in his early twenties and had certain issues with anger. He decided to leave his parents' home, took a gun during his departure, but encountered police almost immediately. Ultimately, the Commonwealth dropped the firearms charge and Appellant received probation. Appellant served a brief period in jail after a revocation in 2002 but thereafter completed his time and paid all outstanding costs and fines. In the nearly two decades since the underlying incidents, Appellant has acquired a family of his own, reunited with his parents, and avoided contacts with law enforcement. He petitioned to expunge the records relating to his firearms offense in order to avoid further adverse employment consequences. Appellant also points out that since he is not seeking expungement of the theft charges, references to his involvement with a firearm will remain in his file and, therefore, law enforcement has a reduced need to retain the challenged arrest record. Appellant obviously makes a forceful argument that he is entitled to relief.

Nevertheless, as the Commonwealth points out and as the record makes clear, Appellant is not seeking expungement of charges that were nol prossed because of a lack of evidence. Instead, he seeks expungement of charges that were abandoned as part of plea negotiations. Under these circumstances, we are constrained to agree with the Commonwealth that Wexler does not

apply and that expungement is inappropriate. Thus, the trial court did not abuse its discretion in denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2019