J-S10026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON LEE BROWN | |
| Appellant | No. 2802 EDA 2018 |

Appeal from the Order Dated August 29, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0000151-2013

BEFORE:  GANTMAN, P.J.E., STABILE, J., and COLINS,* J.

JUDGMENT ORDER BY STABILE, J.:               **FILED MAY 09, 2019**

Appellant, Jason Lee Brown, appeals *pro se* from the August 29, 2018 order denying his petition for expungement.  We affirm.

The record reflects that Appellant pled guilty to robbery on December 1, 2003.  Other charges were *nolle prossed* in accord with the parties' negotiated guilty plea.  Immediately following the plea, the trial court sentenced Appellant to serve two to five years of incarceration.  On April 20, 2017, Appellant filed a motion to withdraw his guilty plea and a motion to compel discovery.  The trial court denied those motions on May 26, 2017.  On June 16, 2017, Appellant filed a PCRA petition.  The PCRA Court dismissed the petition on August 6, 2018.  On June 4, 2018, while the collateral petition was pending, Appellant filed the instant expungement petition.  The trial court conducted a

---

* Retired Senior Judge assigned to the Superior Court.

hearing on August 20, 2018 and entered the order on appeal nine days later. This timely appeal followed.

We review a trial court's decision to grant or deny expungement for abuse of discretion. **Commonwealth v. V.G.**, 9 A.3d 222, 223-24 (Pa. Super. 2010). Expungement of criminal history is appropriate where, among other things, there has been no disposition of criminal charges within 18 months of an arrest and "the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending." 18 Pa.C.S.A. § 9122(a)(1). Appellant's brief is largely incoherent, inasmuch as it acknowledges his guilty plea but also appears to argue for expungement under § 9122(a)(1). Despite his guilty plea and the *nolle prosse* of remaining charges, it appears that he believes there has been no disposition of the charges filed against him in 2003. It is unclear whether Appellant is seeking expungement of the robbery conviction or the *nolle prossed* charges. In either case, he has developed no coherent argument upon which we can conclude that the trial court abused its discretion in denying his petition. We therefore affirm the order.[1]

Order affirmed. Application for Relief denied.

---

[1] Also pending before this Court is an application for relief for "Advancement of the Appellant's Briefing Argument," filed April 9, 2019. The application, which requests expungement and monetary relief, is dependent upon Appellant's success on the merits. Given our disposition, we deny the application for relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/19