J-S19024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEVI RUDY TROYER, JR. | : | |
| | : | |
| Appellant | : | No. 1080 WDA 2020 |

Appeal from the Order Entered September 11, 2020
In the Court of Common Pleas of Butler County Criminal Division
at No: CP-10-CR-0000692-2005

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED: August 18, 2021**

Levi Rudy Troyer, Jr. (Appellant) appeals from the order denying his petition for expungement of prior criminal charges. We affirm.

In April 2005, the Commonwealth charged Appellant with theft by unlawful taking,[1] as well as burglary, criminal conspiracy, and criminal mischief.[2] The Commonwealth alleged that in December 2004, Appellant and a juvenile co-conspirator broke into and stole items from a storage trailer.

On July 13, 2005, the parties entered into a negotiated plea agreement, which is contained in the certified record. Appellant agreed to plead guilty to one count of theft in exchange for the Commonwealth **dismissing** the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3921(a).

[2] **See id.** §§ 3502(a), 903(a), 3304(a)(1). We reference these charges collectively as "the remaining charges."

remaining charges and recommending a sentence of 18 months of intermediate punishment (IP). **See** Plea Agreement, 7/13/05 (stating the remaining charges would be "dismissed"). The plea agreement did not address expunction of the remaining charges.

The trial court accepted Appellant's guilty plea to theft, and the remaining charges were dismissed. The trial court sentenced Appellant to 18 months of IP and imposed a $300 fine.

On August 23, 2019, Appellant filed a petition seeking expungement of his arrest record for the remaining charges. The Commonwealth filed an objection in opposition on February 27, 2020 and requested a hearing. The Commonwealth argued that under this Court's decision in **Commonwealth v. Lutz**, 788 A.2d 993 (Pa. Super. 2001), Appellant's arrest record could not be expunged because the Commonwealth dismissed the remaining charges pursuant to the plea agreement. **See id.** at 1000 ("[W]here charges are **dismissed pursuant to a plea agreement**, those charges are **not eligible for expunction**, as to destroy them would obscure the true circumstances under which [the accused] has been convicted." (emphasis added)); **see also id.** at 999 (distinguishing dismissal of charges from a *nolle prosequi* and stating: "[i]n the instant case, charges were dismissed, and the understanding of all parties was apparently that the charges could never be revived, which is quite a different situation than a *Nolle Prosequi*.").

On May 29, 2020, the trial court convened a hearing on the expungement petition. The parties presented oral argument rather than testimony. Appellant's counsel argued:

> [A]lthough **Lutz** is valid, the [trial c]ourt in considering whether to expunge a dismissed charge[ should conduct an evidentiary hearing] or look at the evidence and weigh the factors between the benefit to [Appellant] in getting his arrest record expunged and the detriment to the Commonwealth.

N.T., 5/29/20, at 5.

By order entered September 11, 2020, the trial court denied the expungement petition. Appellant timely filed a motion for reconsideration on September 20, 2020, asserting the trial court erred in its application of the law. The trial court denied Appellant's motion two days later.

Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents three questions for review:

A. Whether trial court abused its discretion or committed an error of law by relying solely on **Commonwealth v. Lutz**, 788 A.2d 993 (Pa. Super. 2001) in deciding to deny [Appellant's] Petition for Expungement?

B. Whether the trial court abused its discretion or committed an error of law by failing to place the burden of proof on the Commonwealth to prove, by clear and convincing evidence, why [Appellant's] arrest record should not be expunged[?]

C. Whether the Commonwealth satisfied its burden of affirmatively justifying why the arrest record of [Appellant] should not be expunged?

Appellant's Brief at 4.

As Appellant's issues are related, we address them together. It is well-settled that we "review the trial court's denial of a motion for expunction for an abuse of its discretion." *In re P.M.*, 230 A.3d 454, 456 (Pa. Super. 2020) (citation and brackets omitted).

In *Commonwealth v. Wexler*, 431 A.2d 877 (Pa. 1981), the Pennsylvania Supreme Court held that the defendant was entitled to have his arrest record expunged where the charges had been *nol prossed*. *Id.* at 879-81. The Court detailed a non-exhaustive list of factors a trial court should consider, stating the court "must balance the individual's right to be free from harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." *Id.* at 879. When the *Wexler* balancing test applies, the Commonwealth is required "to bear the burden of affirmatively justifying why the arrest record should not be expunged." *Commonwealth v. Maxwell*, 737 A.2d 1243, 1244 (Pa. Super. 1999) (citing *Wexler*, 431 A.2d at 880).

This Court subsequently discussed the interplay of *Lutz* and *Wexler*, stating:

> When the defendant pleads guilty and the Commonwealth agrees to **dismiss** charges as part of the plea agreement, a defendant is normally **not entitled to expungement** of the dropped charges under the *Wexler* factors. *Commonwealth v. Lutz*, 788 A.2d 993 (Pa. Super. 2001). In such a scenario, the Commonwealth dismisses charges in connection with a plea arrangement and, accordingly, there is no implicit or express admission that it lacks evidence to convict a defendant of the crimes. The action of dropping the charges is viewed as a contractual arrangement negotiated as part of the plea bargain. *Id.* at 1000. **This**

**situation is contrasted with that involved in the *nol pros* setting, where the Commonwealth concedes that there is insufficient evidence to support the dismissed charges**. *Id.* at 999. Thus, if expungement were permitted as to charges **withdrawn pursuant to a plea bargain** rather than due to a lack of evidence, there would not be an accurate record of the agreement reached by the defendant and the Commonwealth. *Id.* at 1000-01. Furthermore, "In the absence of an agreement as to expungement, [a]ppellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged." *Id.* at 1001; *but see Commonwealth v. A.M.R.*, 887 A.2d 1266 (Pa. Super. 2005) (where charges of theft and misapplication of entrusted property were dropped after defendant agreed to resign from his job, defendant's arrest record was ordered to be expunged); *Matter of Pflaum*, 451 A.2d 1038 (Pa. Super. 1982) (before the district justice, Commonwealth dropped charges of burglary, trespass, and theft and defendant pleaded guilty to disorderly conduct; defendant was entitled to have record of withdrawn charges expunged). In applying *Lutz* and *Wexler* in the plea agreement setting, we have had occasion to remand to the trial court to make a clear record as to whether charges were *nol prossed* based upon lack of evidentiary support or whether the charges were dropped in exchange for the plea. *See Commonwealth v. Hanna*, 964 A.2d 923 (Pa. Super. 2009)[; *see also id.* at 929 ("[T]he Commonwealth bears the burden of proving . . . with clear and convincing evidence that *Lutz* applies." (footnotes omitted)).]

*Commonwealth v. V.G.*, 9 A.3d 222, 225-26 (Pa. Super. 2010) (emphasis added, citations modified).

Here, Appellant argues:

The Commonwealth failed to meet its burden that *Lutz* applies. As such, the trial court was required to hold a *Wexler* hearing and consider the competing interests between the parties as to the benefits and detriments of expungement.

\* \* \*

[Appellant] does not deny that *Lutz* is good law, but it [is] not the only case law applicable to this matter. *See Wexler*, *supra*; *see also Hanna*, *supra*; *Matter of Pflaum*, *supra*. A

- 5 -

proper analysis of these matters requires examination of several other cases and, ultimately, an examination of the facts and circumstances surrounding the terms of the plea agreement and, possibly, the interests of the parties.

Appellant's Brief at 10, 11-12 (citations modified); *see also id.* at 12-15 (discussing cases). Appellant asserts the Commonwealth had the burden to prove that *Lutz* applies, *see Hanna*, *supra*, and argues it failed to meet its burden. *See* Appellant's Brief at 18-21. We disagree.

The trial court properly found that *Lutz* applies and is controlling. Appellant did not seek expungement of charges that were *nol prossed* due to lack of evidence or for which he was acquitted. *Cf. Wexler*, *supra*. Instead, the Commonwealth dismissed the remaining charges against Appellant as part of the plea bargain, which did not address expungement. Under these circumstances, Appellant is not entitled to expungement. *See Lutz*, 788 A.2d at 999-1000. None of the cases Appellant cites to distinguish *Lutz* are on point, and contrary to Appellant's argument, the *Wexler* balancing test was not implicated, and therefore the Commonwealth had no burden to justify why the remaining charges should not be expunged. *Cf. Maxwell, supra*.

In sum, the trial court did not abuse its discretion because it properly applied the law in denying Appellant's request for expungement.

Order affirmed.

Judge Dubow joins the memorandum.

Judge Pellegrini files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2021