J-S21033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCIS GONZALEZ, | |
| Appellant | No. 2538 EDA 2014 |

Appeal from the Judgment of Sentence August 22, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002218-2013

BEFORE: BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 01, 2015**

Appellant, Francis Gonzalez, appeals from the judgment of sentence imposed following his negotiated *nolo contendere* plea to rape of a child and unlawful contact with a minor. Counsel has filed an **Anders**[1] brief, and requested permission to withdraw from further representation. We affirm Appellant's judgment of sentence, and grant counsel's petition to withdraw.

Appellant was arrested on December 17, 2012, and charged with rape of a child and nine other related offenses in connection with a sexual assault on the then-eleven years old daughter of his girlfriend (and mother of their child). Appellant was thirty-five. At a preliminary hearing on February 21,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967).

2012, two charges, recklessly endangering another person and endangering the welfare of a child, were dismissed.

On the second day of jury selection for a trial on the remaining charges, May 14, 2014, Appellant agreed to a negotiated plea of *nolo contendere* to rape of a child and unlawful contact with a minor. As part of the arrangement, the Commonwealth agreed to *nolle pros* the rest of the charges. Appellant signed a written *nolo* plea colloquy and the trial court accepted the plea after it conducted an extensive on-the-record oral colloquy. (**See** N.T. Hearing, 5/14/14, at 5-16). Appellant waived a pre-sentence investigation and mental health evaluation.

In a bifurcated sentencing process, the trial court immediately imposed the agreed sentence of not less than six nor more than twelve years' incarceration.[2] On August 22, 2014, after a Megan's Law assessment hearing at which the court determined Appellant to be a sexually violent predator, he received an additional sentence of ten years' supervised probation, consecutive to the sentence of incarceration.

No post-sentence motion was filed, but appointed counsel timely filed a notice of appeal. In response to the trial court's order for a Pennsylvania

---

[2] Appellant had a prior record score of five; the offense gravity score was fourteen; Appellant was not RRRI eligible; he received credit for time served. (**See** N.T. Hearing, at 17).

Rule of Appellate Procedure 1925(b) statement of errors, counsel filed a Rule 1925(c)(4) notice of intent to file an **Anders** brief.[3]  **See** Pa.R.A.P. 1925.

The **Anders** brief raises one hybrid question for our review:

> Whether there are any issues of arguable merit that could be raised on direct appeal presently before this Court, and whether the appeal is wholly frivolous?

(**Anders** Brief, at 2).

Before addressing the merits of the underlying issues presented for our review, we first must review counsel's petition to withdraw.  **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).  Counsel seeking to withdraw on a direct appeal under **Anders**, *supra*, must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of

---

[3] The trial court did not file a Rule 1925(a) opinion, citing **Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008).  (**See** Order to Transmit Record, 10/09/14).

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Counsel also must provide a copy of the *Anders* brief to the appellant, and a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007) (citation omitted); *accord Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010); *see also Commonwealth v. Millisock*, 873 A.2d 748, 751–52 (Pa. Super. 2005) (requiring counsel to attach to petition to withdraw copy of letter sent to client advising of his rights).

Here, we conclude on review that counsel's petition to withdraw and the accompanying brief reveals that he has substantially complied with the procedural requirements of *Santiago*. Counsel has provided a factual and procedural history detailing the events relevant to the instant appeal in the brief, along with appropriate citations. Counsel notes several claims and addresses the applicable facts and principles of law, ultimately concluding that the claims would be wholly frivolous. (*See Anders* Brief, at 5, 19).

Additionally, counsel has sent a copy of the *Anders* brief to Appellant and a letter informing him that he has the right to hire a new attorney, to proceed with an appeal on his own, and to raise any additional points that he

thinks are worthy of this Court's attention.[4] Accordingly, counsel has substantially complied with the requirements to withdraw.

We now conduct an independent review of the record to determine whether the issues identified in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case. ***See Santiago***, ***supra*** at 354 (quoting ***Anders***, at 744).

Preliminarily, we note that it is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case. ***See Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa. Super. 2010). Furthermore, "[s]ettled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014) (citation omitted).

Accordingly, here, Appellant's *nolo* plea waived any challenges on appeal except to jurisdiction, legality of sentence and validity of the plea. There is no dispute about jurisdiction. The ***Anders*** brief raises, but correctly rejects, a challenge to the legality of the sentence. (***See Anders*** Brief, at 7-11). There is no basis in the record for such a claim.

_____

[4] Appellant has not responded to the notice counsel was filing an ***Anders*** brief.

Next, the brief raises the issue of a challenge to the validity of the plea. (*See Anders* Brief, at 11-16). Here, again, however, there is no basis in the record for the claim.[5] Furthermore, a challenge to the validity of the plea would be waived unless it was properly raised with the trial court. *See* Pa.R.Crim.P. 720(B)(1)(a)(i); *see also Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002) (finding waiver where appellant failed to challenge guilty plea in sentence colloquy, at sentencing hearing or in post-sentence motion).

Moreover, on review, we find that Appellant's principal objection at the hearing to the plea and sentencing process was not the invalidity of the plea, or the sentence, which he acknowledged was lenient. (*See* N.T. Hearing, at 22). Rather, in a somewhat rambling and unfocussed statement, Appellant complained that, in his perception, the plea and sentencing would have an adverse effect on his ability to have visitation with his son. (*See id.* at 19) ("[T]his is going to affect my son, probably until he's like 18, right?"); (*see also id.* at 18-23).

"The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008), *appeal denied*, 964 A.2d 893 (Pa. 2009) (citation and internal quotation marks omitted).

---

[5] We note that counsel raises this "possible claim in an abundance of caution[.]" (*Anders* Brief, at 11).

Here, on independent review, we agree with counsel's conclusion that there is no basis to conclude Appellant's plea was anything but knowing voluntary, and intelligent, as found by the trial court. (**See** N.T. Hearing, at 15). To the contrary, the colloquy between Appellant and the trial court confirms that he was well aware that his negotiated *nolo* plea would result in a greatly reduced sentence from the maximum of sixty years' incarceration he was otherwise facing. (**See id.** at 5-7, 22).

Finally, referring to Appellant's colloquy with the trial court, the brief cites three more possible issues for Appellant: first, disputes with trial (plea) counsel; second, "systemic" complaints about the perceived unfairness of his prosecution, the law, and the selected jury; and third, concerns about collateral consequences. (**Anders** Brief, at 16; **see, generally**, **id.** at 16-19).

Preliminarily, on independent review, we find nothing in the record, other than Appellant's generalized dissatisfaction with the entire plea process, to support a claim of dispute with plea counsel. In any event, it is well-settled that claims challenging the effectiveness of counsel are to be deferred until collateral review. **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002) ("We now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.").

Neither of the two remaining issues asserted in the brief merits relief. First, because neither claim involves jurisdiction, legality of sentence, or the validity of the plea, they are waived. *See Lincoln*, *supra* at 609. Moreover, Appellant's generalized dissatisfaction with the plea process does not present a meritorious issue. *See Bedell*, *supra* at 1212. Finally, collateral consequences, such as sexual offender registration (or possible restrictions on visitation), do not undermine the validity of the *nolo contendere* plea.[6] *See Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014), *appeal denied*, 95 A.3d 277 (Pa. 2014).

On independent review, we discern no other claims which would merit relief.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015

---

[6] We note in particular that **ignorance** of collateral consequences does not invalidate a plea. *See Lippert*, *supra* at 1100. Here, by contrast, Appellant's lengthy statement to the trial court before sentencing confirms that he was well aware of the possible collateral consequences of his plea. (*See* N.T. Hearing, at 18-23).