J. S58009/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| AARON JAMES BRESSI, | : | No. 1791 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 29, 2016,
in the Court of Common Pleas of Northumberland County
Criminal Division at Nos. CP-49-CR-0000961-2015,
CP-49-CR-0000962-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 25, 2017**

Aaron James Bressi appeals from the September 29, 2016 judgment of sentence entered in the Court of Common Pleas of Northumberland County after he pled ***nolo contendere*** to one count of simple assault and one count of harassment.[1] The trial court sentenced appellant to two consecutive one-year terms of probation. Amy Stoak, Esq., of the Northumberland County Public Defender's Office has filed a petition to withdraw, alleging that the appeal is frivolous, accompanied by an ***Anders*** brief.[2] We will grant counsel's withdrawal petition and affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. §§2701(a)(3) and 2709(a)(4), respectively.

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

The trial court set forth the following procedural history:

> On September 29, 2016, [appellant] was before the court whereby [appellant] entered a plea of no contest to the offense of Simple Assault on docket CR-2015-961 and the offense of Harassment on docket CR-2015-962. Immediately thereafter[, appellant] was sentenced within the standard range to [one year of] probation on CR-2015-961 and one year [of] probation on CR-2015-962, to be served consecutive to CR-2015-961. Seven days later, [appellant] filed his Motion to Withdraw Plea in which he asserted his plea was not entered knowingly, intelligently and/or voluntarily. The motion was denied without a hearing on October 12th, 2016, as there were no allegations therein that could support this contention.

Trial court statement in lieu of opinion, 1/19/17 at 1.

The record further reflects that appellant filed a timely notice of appeal and timely complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court then filed a statement in lieu of a Rule 1925(a) opinion.

Appellant raises the following issues for our review:[3]

> [1.] Whether the trial court erred in finding that [a]ppellant's pleas were knowing, voluntary, and intelligently entered[?]
>
> [2.] Whether the trial court erred in denying [a]ppellant's post-sentence motion to withdraw his pleas[?]

Appellant's brief at 6.

---

[3] We note that the Commonwealth elected against filing an appellee's brief in this matter.

On July 24, 2017, Attorney Stoak filed in this court a petition to withdraw as counsel and an ***Anders*** brief, wherein Attorney Stoak states that there are no non-frivolous issues preserved for our review.

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
> > These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
> >
> > > Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
> > >
> > > ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed

> *pro se* or raise additional points worthy of the Court's attention.

> ***Woods***, 939 A.2d at 898 (citations omitted).

> There are also requirements as to the precise content of an ***Anders*** brief:

>> The ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> ***Santiago***, 978 A.2d at 361.

*Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked

the existence of potentially non-frivolous issues."
*Id.*

***Commonwealth v. Hankerson***, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Stoak's petition to withdraw, supporting documentation, and ***Anders*** brief reveals that she has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed ***pro se***, and/or raise any additional points that he deems worthy of this court's attention,[4] and attached to her petition to withdraw a copy of the letter she sent to appellant as required under ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa.Super. 2005). ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in ***Santiago*** set forth the new requirements for an ***Anders*** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in ***Millisock*** that remain binding legal precedent."). As Attorney Stoak has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

---

[4] We note that appellant filed a response to Attorney Stoak's petition to withdraw and ***Anders*** brief. In that response, appellant again challenges his no-contest plea. He also states that Attorney Stoak "has 2015 were [sic] it should say 2016 and many more non true [sic] facts and mistakes that need to be disscussed [sic] in front of a Judge in the Superior Court[.]" (Appellant's ***pro se*** response to ***Anders*** brief and petition to withdraw, 8/4/17.)

Once counsel has met her obligations, as Attorney Stoak has done here, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

At the outset, we note that appellant pled **nolo contendere**, rather than guilty to the charges at issue. "[I]n terms of its effect upon a case, [however,] a plea of **nolo contendere** is treated the same as a guilty plea." **Commonwealth v. V.G.**, 9 A.3d 222, 226 (Pa.Super. 2010) (citation omitted). As such, we are mindful of the following:

> [A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices. []
>
> To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, **inter alia**, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is

> not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

**Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa.Super. 2014) (internal citations and quotations omitted), **appeal denied**, 105 A.3d 736 (Pa. 2014).

Additionally, "a defendant is bound by the statements which he makes during his plea colloquy." **Commonwealth v. Barnes**, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). Therefore, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he cannot recant the representations he made in court when he entered his guilty plea. **Id.** (citation omitted). Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law only requires that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. **See Commonwealth v. Moser**, 921 A.2d 526, 528-529 (Pa.Super. 2007).

Here, appellant claims that his pleas were not knowing, voluntary, or intelligent and, as such, the trial court erred in denying his motion to withdraw those pleas. The record, however, belies appellant's claim. The record reflects that appellant read, completed, and signed an extensive written **nolo contendere** plea colloquy, which is part of the certified record.

(Appellant's guilty plea/***nolo contendere*** plea, 9/30/16.[5]) On that form, appellant affirmed, in writing, among other things, (i) that appellant's decision to plead no contest was appellant's decision and his alone; (ii) that his lawyer explained to him the elements of the offenses to which he pled no contest; (iii) that he understood the facts and circumstances of the charges against him; (iv) that he understood that he did not need to enter a plea, but was able to plead not guilty and go to trial; (v) that he fully discussed the plea colloquy with his lawyer and was satisfied with the advice and representation that his lawyer gave him; (vi) that no one induced his plea by promise, threat, or anything else; and (vii) that he read the entire written colloquy, understood its full meaning, and still wanted to enter the plea. (***Id.***)

The record further reflects that the sentencing court conducted an oral colloquy wherein appellant acknowledged that he did not wish to go to trial, but wanted to enter his plea. (Notes of testimony, 9/29/16 at 3.) During that colloquy, appellant acknowledged his signature on the petition for entry of ***nolo contendere*** plea, which also included the executed plea colloquy. (***Id.*** at 4.) Appellant affirmed that after he spoke with his lawyer, appellant agreed that the Commonwealth had sufficient evidence to obtain convictions, and that appellant, therefore, wished to enter the no-contest pleas. (***Id.***

---

[5] Appellant's written guilty plea/***nolo contendere*** plea was docketed on September 30, 2016.

at 6.) He further acknowledged that he was satisfied with his attorney's representation, was aware of the penalties he faced, was not suffering from a mental illness, and was not under the influence. (*Id.* at 6-8.) Appellant also affirmed that he understood the rights that he was giving up by pleading no contest, including the right to a jury trial and direct-appeal rights had a jury found him guilty. (*Id.* at 7.)

After thoroughly reviewing the record with respect to appellant's challenge to his *nolo contendere* pleas, we conclude that the totality of the circumstances surrounding appellant's entry of those pleas discloses that appellant fully understood the nature and consequences of his pleas and that he entered those pleas knowingly, intelligently, and voluntarily.

Additionally, our independent review of the entire record has not disclosed any potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017