J-S28005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN SMALLER, | |
| Appellant | No. 699 EDA 2013 |

Appeal from the Judgment of Sentence January 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0005562-2011
CP-51-CR-0006602-2009
CP-51-CR-0006605-2009

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 01, 2016**

Kevin Smaller[1] appeals from the judgment of sentence of twelve and one-half to thirty years imprisonment followed by five years probation.  The sentence was imposed after Appellant tendered a *nolo contendere* plea at four criminal actions.  We affirm.

Appellant was charged at four separate criminal cases with numerous offenses relating to his sexual abuse of children.  At criminal case 6602 of 2009, the Commonwealth averred that between 2003 and 2008, when the

---

[1] We note that Appellant's name is spelled as Kevin K K. Smaller as well as Kevin K. Smaller in various documents of record.  Appellant, however, omits any middle initial when he executes documents.

---

* Retired Senior Judge assigned to the Superior Court.

victim M.B. was ten to fifteen years old, Appellant attempted to rape the girl. He repeatedly exposed his penis to the complainant, touched her thighs and vagina, and attempted to penetrate her anus and vagina with his penis. At case number 6605-2009, Appellant was accused of sexually abusing I.S. when she was eight to eleven years old. As was the case with M.B., Appellant exposed his penis to I.S., touched her legs, thighs, and vagina, and attempted to penetrate the child's anus and vagina with his penis. At criminal action 5562-2011, Appellant abused M.C. when he was between the ages of seven and nine years old by repeatedly and forcibly penetrating the boy's anus with his penis. At the case number 1645 of 2010, Appellant was accused of repeatedly raping I.C. vaginally and anally. The girl was five to nine years old when the sexual abuse occurred.

The four matters were consolidated for trial, and a jury was selected. Just before the trial was to begin, Appellant tendered a negotiated *nolo contendere* plea encompassing all four cases. At numbers 6602-2009 and 6605-2009, Appellant pled *nolo contendere* to two counts each of attempted rape and unlawful contact with a minor. At number 1645 of 2010, Appellant tendered a *nolo contendere* plea to one count of rape. On the fourth matter, case number 5562 of 2011, Appellant's plea was to a single count of involuntary deviate sexual intercourse.

Appellant indicated that no one forced or threatened him in any way to plead *nolo contendere*, that the decision was his and his alone, and that he

was satisfied with the services of his attorney. N.T. Trial (Jury), 1/29/13, at 15. The trial court accepted the guilty plea and imposed the negotiated sentence of twelve and one-half to thirty years followed by five years probation. Sentence was imposed on three cases, numbers 6602-2009, 6605-2009, and 5562-2011. However, the trial court did not impose a sentence at number 1645 of 2010, as it wanted to order a presentence report, a mental health evaluation, and a Megan's Law assessment for purposes of that action. The Commonwealth formally waived certain mandatory minimum sentences that were applicable in all the cases, and the matter was concluded. Appellant did not orally move to withdraw his plea during the January 29, 2013 proceeding. At that time, Appellant was represented by Richard L. DeSipio, Esquire.

Thereafter, on February 28, 2013, W. Fred Harrison, Jr. Esquire, filed the present appeal at criminal cases 6602-2009, 6605-2009, and 5562-2011. Our review of the public docket sheet for case number 1645-2010 reveals that Appellant was permitted to withdraw his *nolo contendere* plea therein and, on September 8, 2014, the Commonwealth *nolle prossed* that case. In its brief filed herein, the Commonwealth reports that its withdrawal was premised upon the fact that it had no effect on sentencing since Appellant already received the sentence negotiated in exchange for his *nolo contendere* plea.

We have carefully reviewed the dockets and certified records of the three actions involved in the present appeal. Appellant failed to file a motion to withdraw in any case. On November 7, 2014, present counsel, Charles A. Klein, filed an entry of appearance on Appellant's behalf in these actions. On January 7, 2015, the trial court ordered the filing of a Pa.R.A.P. 1925(b) statement, Appellant complied with this directive, and this appeal is now ready for resolution. Appellant raises these issues:

> A. Did the trial court abuse its discretion in accepting appellant's pleas of *nolo contendere*, where appellant's proffered pleas were null and void ab initio, as they were not made knowingly, intelligently and voluntarily where: a) trial counsel threatened to and attempted to withdraw from case if appellant did not accept the Commonwealth's sentencing recommendation offer and b) the trial court unreasonably pressured appellant to decide on whether to accept the plea agreement or go to trial?
>
> B. Did Trial Counsel render ineffective assistance by pressuring appellant Defendant to plead *nolo contendere* to the above-charges even though defendant had steadfastly maintained his innocence?
>
> C. Did Trial Counsel render ineffective assistance of counsel by failing to file a post-sentence motion to withdraw appellant's *nolo contendere* pleas within ten (10) days from the imposition of sentence?
>
> D. Did First Appellate Counsel render ineffective assistance of counsel by failing to timely file a motion in the Superior Court requesting a remand to the trial court for the purpose of conducting a hearing on whether appellant should be permitted to withdraw his pleas of *nolo contendere*?

Appellant's brief at 3.

Appellant's first challenge is to the validity of his *nolo contendere* plea, which he claims was procured by coercion from the trial court and trial counsel. Initially, we note that, in terms of its effect on a case, a *nolo contendere* plea is considered the equivalent of a guilty plea. **Commonwealth v. V.G.**, 9 A.3d 222, 226 (Pa.Super. 2010) ("It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case."). We conclude that Appellant's first challenge is waived due to his failure to raise it orally at sentencing or in a post-sentence motion. As we have observed,

> Appellant's [challenges to the validity of his guilty plea] are waived because Appellant failed to file a post-sentence motion seeking to withdraw his guilty plea. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a), 42 Pa.C.S.A. Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal. **Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa.Super. 2003). In order to preserve an issue related to the guilty plea, an appellant must either "object at the . . . colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa.Super. 2002).

**Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006). As Appellant neither objected at the plea colloquy/sentencing nor filed a post-sentence motion to withdraw his guilty plea, his challenge to the validity of his guilty plea is waived.

Appellant's remaining claims relate to ineffective assistance of counsel. He avers that trial court was ineffective for coercing him into accepting a

plea and for failing to file a motion to withdraw it. He also accuses prior appellate counsel of rendering ineffective assistance of counsel by failing to seek a remand for a hearing on whether Appellant should have been permitted to withdraw his plea.

Our Supreme Court announced in **Commonwealth v. Grant**, 813 A.2d 726 (2002), that allegations of ineffective assistance of counsel will no longer be entertained on direct appeal. Rather, such claims are to be pursued pursuant to the provisions of the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541, *et seq*. Our Supreme Court more recently articulated, "[W]e hold that **Grant's** general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel[.]" **Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013).

Appellant is aware of this precept and, in connection with his final three contentions on appeal, states the following: "Constrained by **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), appellant reserves the right to more fully develop his claims of ineffective assistance of trial counsel [for pressuring him to enter a *nolo contendere* plea] for future proceedings after the direct appeal has been 'finally decided.'" Appellant's brief at 17; **Accord** Appellant's brief at 18 ("Constrained by **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), appellant reserves the right to more fully develop his claims of ineffective assistance of trial

counsel and his first appellate counsel" in connection with their neglect to file a motion to withdraw his guilty plea and ask for a hearing on the request to withdraw "for future proceedings after the direct appeal has been 'finally litigated.'"); Appellant's brief at 19 (same). Accordingly, Appellant's final three claims, which pertain to ineffective assistance of counsel, are deferred to collateral review.

Judgment of sentence affirmed.

Judge Lazarus Joins the memorandum.

Judge Platt Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2016