J-S04037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ADAM HENDERSON | : | |
| | : | |
| Appellant | : | No. 1342 MDA 2018 |

Appeal from the PCRA Order Entered July 16, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000405-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK HENDERSON | : | |
| | : | |
| Appellant | : | No. 1343 MDA 2018 |

Appeal from the PCRA Order Entered July 16, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000407-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ADAM HENDERSON | : | |
| | : | |
| Appellant | : | No. 1344 MDA 2018 |

Appeal from the PCRA Order Entered July 16, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000511-2015

J-S04037-19

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
          v.                    :
                                :
                                :
                                :
MARK HENDERSON                  :
                                :
          Appellant             :    No. 1345 MDA 2018

Appeal from the PCRA Order Entered July 16, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000535-2015


BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 11, 2019**

In these consolidated appeals, Appellant Mark Henderson appeals from

the Order entered in the Court of Common Pleas of Huntington County on July

16, 2018, denying his first, counselled petition filed pursuant to the Post

Conviction Relief Act (PCRA).[1]  Following our review, we affirm.[2]

_____

\* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] Upon noting that these appeals involve the same Appellant and similar
issues, in a *Per Curiam* Order entered on October 2, 2018, this Court
consolidated the matters. **See** Pa.R.A.P. 513.  These appeals were filed after
the Pennsylvania Supreme Court's decision in **Commonwealth v. Walker**,
____ Pa. _____, 185 A.3d 969 (2018) (holding Pa.R.A.P. 341(a) requires the
filing of separate notices of appeal for separate dockets and that the failure to
do so must result in quashal of the appeal. **See Walker**, 185 A.3d at 977. In
particular, the Court concluded that "[t]he Official Note to Rule 341 provides
a bright-line mandatory instruction to practitioners to file separate notices of
appeal.... The failure to do so requires the appellate court to quash the
appeal." **Id**. at 976-77.  Appellant filed a notice of appeal four times, but each
notice bears all four trial court docket numbers along with a checkmark next
to the corresponding trial court docket number for the appeal.  Thus, although

- 2 -

On February 19, 2016, Appellant entered counseled, negotiated *nolo contendere* pleas to eight charges involving driving under the influence with a suspended license. Specifically, Appellant entered pleas to four, separate criminal informations (four counts of driving under the influence, controlled substance, impaired ability, fourth and subsequent offense; and four counts of driving while license suspended).[3] As part of the agreement, other pending charges were *nolle prossed.*[4] Appellant completed and signed a written *Nolo Contendere* Colloquy which was cosigned by plea counsel. After a thorough on-the-record colloquy, the trial court accepted Appellant's plea. N.T. Plea and Sentencing, 2/19/16, at 2-8.

On February 19, 2016, the trial court imposed the negotiated aggregate sentence of not less than eighty-four months and not more than one hundred-sixty-eight months in a state correctional institution. ***Id***. at 8–10).[5] The

_____

each notice bears more than one docket number, the single notice of appeal was duplicated so that there are separate notices of appeal for each of the four trial court docket numbers; therefore, we deem these notices of appeal to be in compliance with ***Walker***.

[3] 75 Pa.C.S.A. § 3802(d)(2); 75 Pa.C.S.A. § 3802(d)(1)(iii), respectively.

[4] These charges included a violation of 75 Pa.C.S.A. § 1501 (drivers required to be licensed); § 6503.1 (habitual offenders), and other acts involving impaired driving. The record reveals Appellant also was charged with theft of a cellphone, trespass and attempt to elude police by hiding in a crawl space and crawling into the attic of an adjoining property when officers arrived to serve an arrest warrant on him.

[5] Also as part of the plea the trial court sentenced Appellant to two probationary terms of five (5) years each for the two counts of forgery (prescriptions). The terms of probation were to be served consecutive to each other and to the term of incarceration. N.T. Plea and Sentencing, 2/19/16, at

sentencing court also found Appellant to be RRRI eligible for a minimum sentence of seventy months' incarceration. ***Id***.

In an unpublished Memorandum Decision filed on October 21, 2016, this Court denied Appellant's various *pro se* motions, granted counsel's petition to withdraw and affirmed Appellant's judgment of sentence. Appellant did not seek further discretionary review in the Pennsylvania Supreme Court.

On August 22, 2017, Appellant filed his "Petition for Allowance of Amended PCRA," *pro se*. Counsel was appointed, and after being granted additional time in which to do so, PCRA counsel filed an "Amended Petition" on March 22, 2018, wherein he alleged appellate counsel had been ineffective for failing to apply retroactively the United States Supreme Court's decision in ***Birchfield v. North Dakota***, \_\_\_ U.S. \_\_\_\_, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016).[6] Following a hearing, in its Order entered on May 2, 2018, the

---

10. The sentencing court ordered that all other sentences were to be concurrent to the aggregate seven (7) years to fourteen (14) years term of incarceration. ***Id***. at 9-10.

[6] In ***Birchfield***, the United States Supreme Court considered the constitutionality of warrantless blood and breath tests incident to DUI arrests and the imposition of criminal penalties based upon one's refusal to submit to those tests. 136 S.Ct. at 2166-67. The High Court held the Fourth Amendment of the United States Constitution permits warrantless breath tests, but not warrantless blood tests. ***Id***. at 2184-85. The Court additionally stated implied consent laws do not justify warrantless blood tests because "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." ***Id***. at 2186. As a result, the Court held criminal sanctions imposed based on the refusal of warrantless blood testing are

PCRA court directed PCRA counsel to file a brief in support of the PCRA petition and the Commonwealth to file a responsive brief. Upon its review of these filings, on July 16, 2018, the PCRA court denied Appellant's PCRA petition. On August 15, 2018, Appellant filed timely notices of appeal.

In his appellate brief, Appellant presents three issues for our review:

A. Whether the PCRA court erred when it found *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2106) [sic] has no relevance in the instant proceedings?

B. Whether the PCRA court erred when it found that the *Birchfield* issues have been previously litigated on direct appeal in *Commonwealth v. Henderson*, 507-510 MDA 2016, p. 15?

C. Whether the PCRA erred [sic] when it failed to consider [Appellant's] PCRA testimony that he is actually innocent in 1344 MDA 2018, CP-31-CR-511-2015 and in 1345 MDA 2018, CP-31-CR-535-2015?

Brief for Appellant at 5. We will consider these issues in turn and begin with our standard of review:

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

***Commonwealth v. Johnson***, 635 Pa. 665, 690, 139 A.3d 1257, 1272 (2016) (quotation marks and quotations omitted).

_____

unconstitutional. ***Id***. ***See also Commonwealth v. Monarch***, 2019 WL 287156, at *2 n. 4 (Pa. Jan. 23, 2019).

To be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one of the enumerated circumstances found in 42 Pa.C.S.A. § 9543(a)(2). When a petitioner alleges counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction resulted from ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Additionally, the petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Johnson*, at 690, 139 A.3d at 1272 (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 607 Pa. 165, 176, 5 A.3d 177, 183 (2010).

While in the Summary of Argument portion of his appellate brief Appellant baldly states that "Appellate [c]ounsel [ ] was ineffective for failing

- 6 -

to seek retroactive application of *Birchfeld* prior to the Superior Court's October 21, 2016 Memorandum decision on [Appellant's] direct appeals[,]" *see* Brief for Appellant at 12, the argument Appellant develops pertains only to the PCRA court's error in finding the case had no relevance to the instant proceedings. Appellant maintains that "[i]n all four of [his] cases, the trial or sentencing court sentenced [him] pursuant to statutes rendered unconstitutional by *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016). [Appellant] remains entitled to relief because the judgment of sentence for his four cases had not become final when *Birchfield* was decided." Brief for Appellant at 15. This Court shall not develop an ineffective assistance of counsel argument for Appellant, nor shall we scour the record to find evidence to support such an argument; consequently, we deem waived his claim of ineffectiveness of counsel on this point. Pa.R.A.P. 2119; **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa.Super. 2007).[7]

With regard to his second issue, Appellant avers that although the PCRA court found the **Birchfield** issues to have been previously litigated, an ineffectiveness claim is distinct from the habeas corpus claim Appellant had attempted to litigate on direct appeal. Brief for Appellant at 16-17.[8] Appellant

---

[7] To the extent he has preserved a challenge to the relevance of **Birchfield**, we will discuss it *infra* as part of our consideration of the second issue Appellant presents in his appeal.

[8] In our Memorandum Decision, we concluded that:

argues he is entitled to relief because his judgment of sentence had not become final when **Birchfield** was decided on June 23, 2016, and his claim implicates the legality of his sentence and cannot be waived; therefore, counsel was ineffective for failing to seek to apply **Birchfield** retroactively during pendency of his direct appeals which were not decided until October 21, 2016. **Id**. at 18, 20-21.

Assuming, *arguendo*, this issue was not previously litigated on direct appeal, Appellant did not assert in his PCRA petition that his sentence is illegal, nor did he challenge his consent to submit to a blood draw at any stage of the proceedings in the Court of Common Pleas.  To the contrary, Appellant admitted at the PCRA hearing that he had consented to the actual blood draw. N.T. PCRA Hearing, 4/27/18, at 9.  In now claiming he is entitled to relief on the basis of counsel's ineffectiveness in light of the **Birchfield** decision, Appellant simply argues the trial court sentenced him pursuant to statutes rendered unconstitutional in **Birchfield**.  **See** PCRA petition at ¶¶ 24, 32.  In doing so, Appellant fails to recognize that the rule permitting its retroactive application was created for the benefit of defendants who had raised and

---

Appellant's *pro se* motion for *habeas corpus* relief, relying on **Birchfield v. N.D.**, 136 S.Ct. 2160 (2016), is distinguishable on the facts and the law as well as its procedural posture. Accordingly, they are wholly frivolous.

**Commonwealth v. Henderson**, No. 507-510 MDA 2016, unpublished memorandum at 15 (Pa.Super. filed October 21, 2016).

preserved the issue of warrantless blood draws and in whose case the issue remained pending while a higher court decided the issue in a similar case.

As this Court recently observed:

Appellant never challenged the warrantless blood draw during trial, and did not raise any issue under **Birchfield** until her nunc pro tunc post-sentence motion. In Pennsylvania, it has long been the rule that criminal defendants are not entitled to retroactive application of a new constitutional rule unless they raise and preserve the issue during trial. **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa.Super. 2014) (en banc), **appeal denied**, 632 Pa. 693, 121 A.3d 496 (2014). The **Newman** Court relied on **Commonwealth v. Cabeza**, 503 Pa. 228, 469 A.2d 146, 148 (1983). There, the Supreme Court wrote:

[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

**Id.** (emphasis added). Instantly, Appellant failed to challenge the warrantless blood draw at any stage of the litigation prior to her nunc pro tunc post-sentence motion. Thus, she is not entitled to retroactive application of **Birchfield**.

**Commonwealth v. Wilcox**, 174 A.3d 670, 673 (Pa.Super. 2017), *appeal denied*, 184 A.3d 545 (Pa. 2018). Consequently, Appellant's appellate counsel cannot be deemed ineffective for failing to seek the retroactive application of **Birchfield** during the pendency of Appellant's direct appeals, as counsel cannot be found ineffective for failing to raise a meritless claim. **See Commonwealth v. Staton**, 632 Pa. 400, 427, 120 A.3d 277, 293 (2015).

In asserting in his final issue that the PCRA court erred in failing to give credence to his claims of actual innocence made at the PCRA hearing, Appellant ignores the fact that he pled *nolo contendere* to the charges on which he was sentenced. "It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case . . . Thus, for purposes of proceedings relating to the charges, Appellant agreed to be treated as guilty of the crimes." ***Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa.Super. 2010) (citation omitted).

In ***Commonwealth v. Singleton***, 169 A.3d 79, 80–81 (Pa.Super. 2017), *appeal denied*, 181 A.3d 1080 (2018), this Court reiterated the well-settled principle that by entering a guilty plea, a defendant waives all nonjurisdictional defects and defenses as well as his right to challenge anything but the legality of the sentence and the validity of the plea.

In his PCRA petition, Appellant does not challenge the validity of his *nolo contendere* plea which he had entered several months prior to the ***Birchfield*** decision. Significantly, Appellant did not maintain in a pre-trial suppression motion or otherwise present any claim that his pre-arrest blood draw and subsequent testing were performed involuntarily without his consent or were coerced. Instead, Appellant alleges on appeal that he is actually innocent and that he was unlawfully induced to plead guilty in 1343 MDA 2018 and 1344 MDA 2018 because trial counsel did not deliver discovery to him until after he had entered his pleas. Brief for Appellant at 22.

Although he claimed at the PCRA hearing he is actually innocent based on discovery he received after his pleas which trial counsel possessed prior thereto, N.T. PCRA Hearing, 4/27/18 at 10, on cross-examination Appellant admitted he knew the discovery packet was available before sentencing, but he did not read it until afterward. *Id*. at 12, 14. Moreover, at no time prior to entering his *nolo contendere* plea did Appellant express any reservations or assert that trial counsel or the Commonwealth had withheld pertinent discovery. Instead, in his plea colloquy, Appellant represented that he understood the English language and the charges against him, and he admitted to the facts that led to those charges. Appellant also indicated that by pleading *nolo contendere*, he understood he was foregoing certain rights, and most of his direct appeal rights. Appellant affirmed that he was pleading *nolo contendere* of his own free will and that no one had forced him to enter his plea. *Nolo Contendere* Colloquy, 2/19/16, at 1-5 (unnumbered).

A person who elects to plead guilty is bound by the statements he made during the plea colloquy, and he may not later assert grounds for withdrawing the plea which contradict those statements. **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa.Super. 2011). Accordingly, the PCRA court did not err in denying Appellant post-conviction relief on this issue.

Order Affirmed.[9]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/11/2019

---

[9] "[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it." **Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa.Super. 2018).