J-S10003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELISEO ORTIZ | : | |
| | : | |
| Appellant | : | No. 327 EDA 2018 |

Appeal from the Judgment of Sentence December 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006597-2015

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                         **FILED APRIL 23, 2019**

Appellant, Eliseo Ortiz, appeals from the aggregate judgment of sentence of two to four years of confinement followed by ten years of probation, which was imposed after he pleaded *nolo contendere* to involuntary deviate sexual intercourse (IDSI) with a person less than 16 years of age and unlawful contact with a minor.[1]   With this appeal, Appellant's counsel (Counsel) has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous.   After careful review, we affirm Appellant's convictions.   Otherwise, because we conclude that an issue of arguable merit as to the legality of Appellant's sentence is present in this appeal, we deny

_____

[1] 18 Pa.C.S. §§ 3123(a)(7) and 6318(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

*   Retired Senior Judge assigned to the Superior Court.

Counsel's petition to withdraw and order Counsel to file an advocate's brief or a new **Anders** brief within thirty days of the date of this memorandum. The Commonwealth may file a brief within thirty days after service of the brief from Appellant's counsel.[3]

On May 14, 2015, Appellant was charged with rape, IDSI, unlawful contact with a minor and various other charges related to allegations concerning the sexual abuse of a minor female. On September 22, 2017, Appellant entered into a negotiated plea agreement and pleaded *nolo contendere* with respect to the IDSI and unlawful contact with a minor charges. Plea Agreement, 9/22/17. Pursuant to the agreement, the Commonwealth agreed to *nolle pros* the remaining charges and to recommend a sentence of two to four years of confinement followed by ten years of state-supervised sex offender probation. **Id.**

At the September 22, 2017 hearing, Appellant stipulated to "the affidavit of probable cause, investigation paperwork and any other police paperwork along with any other records in the discovery packet as the basis for the plea…." N.T., 9/22/17, at 12. According to the affidavit of probable cause accompanying Appellant's arrest warrant, the complaining witness, a fourteen-year-old girl, stated that

---

[3] If the Commonwealth does not intend to file a brief in response, we request that the Commonwealth send a letter to this Court's Prothonotary informing this Court of that decision as soon as possible.

when she was in second grade (approx. 2005) she was sleeping with her sister and woke to [Appellant] touching her vagina. The [complaining witness] further stated that [Appellant] carried [the complaining witness] to his room and while there put his mouth on and in the [complaining witness's] vagina. The [complaining witness] stated that during another incident… [she] again awoke to [Appellant] sticking his finger in the [complaining witness's] vagina, moving [his] finger in and out of her vagina. The [complaining witness] stated that [Appellant] exposed his penis to [her] and that [the] incidents stopped when the [complaining witness] was in the second grade (approx. 2007).[4]

Affidavit of Probable Cause, 5/14/15.

On December 22, 2017, the trial court sentenced Appellant to the terms of confinement and probation as set forth in the plea agreement. Sentencing Order, 12/22/17. At the sentencing hearing, Appellant was advised that he would be permitted to file a post-sentence motion to withdraw his guilty plea within ten days of the sentence. N.T., 12/22/17, at 9. Appellant did not file a post-sentence motion within ten days of the date of sentencing. On January 18, 2018, Appellant filed this timely direct appeal from the judgment of sentence.[5]

On July 18, 2018, Counsel sent a letter to Appellant, informing him that he was contemporaneously filing a petition to withdraw along with an **Anders** brief. In the letter, Counsel stated that Appellant may retain new counsel or

---

[4] There appears to be a typographical error in the affidavit of probable cause with respect to either the complaining witness's grade level or the year for when the abuse began or ended.

[5] Appellant filed his statement of errors complained of on appeal on April 27, 2018. The trial court entered its opinion on May 1, 2018.

proceed *pro se* on the appeal and that he may raise any points he deems worthy of the court's attention in addition to those in the **Anders** brief. Counsel also enclosed a copy of the petition to withdraw and **Anders** brief with the July 18, 2018 letter. On July 19, 2018, Counsel filed the petition to withdraw and the **Anders** brief.[6] In his **Anders** brief, Counsel presents the issue of whether Appellant should be permitted to withdraw his *nolo contendere* plea. **Anders** Brief at 6-7. Appellant has not filed a *pro se* brief in response to the petition to withdraw. On February 15, 2019, the Commonwealth filed its appellate brief.

Before this Court can consider the merits of this appeal, we must first determine whether Counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Tejada**, 176 A.3d 355, 358 (Pa. Super. 2018). To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the

_____

[6] These filings were both initially rejected by this Court, because Appellant had not filed his brief within the timeframe established in the briefing schedule or requested an extension. On July 19, 2018, Appellant filed an application requesting that this Court reinstate his appeal and allow Appellant to file the brief attached to the application. On July 24, 2018, this Court entered an order reinstating the appeal and directing the Prothonotary to accept the brief attached to the application as Appellant's brief and docket it as filed late on July 19, 2018. Counsel ultimately re-filed his petition to withdraw on February 20, 2019.

record and has determined that the appeal would be frivolous; (2) provide a copy of the **Anders** brief to the defendant; and (3) advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. **Yorgey**, 188 A.3d at 1195-96; **Commonwealth v. Zeigler**, 112 A.3d 656, 659 (Pa. Super. 2015). An **Anders** brief must comply with the all of the following requirements:

> [T]he **Anders** brief…must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); **see also Yorgey**, 188 A.3d at 1196.

If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of proceedings before the trial court and render an independent judgment as to whether the appeal is wholly frivolous. **Yorgey**, 188 A.3d at 1196; **Zeigler**, 112 A.3d at 660. This Court first considers the issues raised by counsel in the **Anders** brief and then conducts an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. **Commonwealth v. Prieto**, ___ A.3d ___, 2019 PA Super 79, *6 (filed March 18, 2019); **Yorgey**, 188 A.3d at 1196-97.

In this appeal, we observe that Counsel's July 18, 2018 correspondence to Appellant provided a copy of the *Anders* brief to Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal and raise any points he deems worthy of the court's attention. Further, Counsel's *Anders* brief provides a procedural and factual summary of the case with references to the record. *Anders* Brief at 1-5. Counsel additionally submits that nothing else appears in the record that arguably supports Appellant's appeal. *Id.* at 7. Ultimately, Counsel cites his reasons and conclusion that Appellant's case presents no non-frivolous issues for review. *Id.* at 5-7. Counsel's *Anders* brief and procedures thus comply with the requirements set forth by our Supreme Court in *Santiago*. We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

In Appellant's *pro se* appeal of the judgment of sentence, Appellant stated his grounds for appeal as follows:

> I took the deal under false pretence [sic]. I was unaware I was unable to live with my children. I was told that I would be able to still live with my kids.

Letter to Trial Court, 1/18/18. In the statement of errors complained of on appeal, Counsel restated Appellant's basis for appeal as an argument that his waiver of his right to trial was not voluntary, knowing, or intelligent. Pa.R.A.P. 1925(b) Statement, 4/27/18 ¶4. Counsel explained in his *Anders* brief that Appellant never communicated that he wished to file a post-sentence motion

or withdraw his guilty plea until Appellant notified the trial court directly by letter on January 18, 2018 that he wished to appeal. ***Anders*** Brief at 5-6.

Upon review, we agree with Counsel that the issue raised by Appellant lacks merit. "Pennsylvania law makes clear that by entering a plea of guilty [or *nolo contendere*], a defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468 (Pa. Super. 2017).[7] In order to preserve an issue related to the plea, including a challenge to the voluntariness of a plea, the defendant must object at the sentencing hearing or file a post-sentence motion seeking to withdraw the plea within ten days of sentencing. ***Monjaras-Amaya***, 163 A.3d at 468-69; ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013); ***see also*** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating that defendant may challenge validity of a guilty or *nolo contendere* plea through post-sentence motion and such motion must be filed within 10 days of sentencing).

Failure to object at the sentencing hearing or file a timely post-sentence motion results in waiver of any issue that the defendant seeks to raise. ***Monjaras-Amaya***, 163 A.3d at 469; ***Lincoln***, 72 A.3d at 610. The historical

---

[7] Though we addressed the effect of a guilty plea in ***Monjaras-Amaya***, "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." ***Prieto***, 2019 PA Super 79, *6 (quoting ***Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa. Super. 2010)).

basis for this rule of waiver is that "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Lincoln*, 72 A.3d at 610 (quoting *Commonwealth v. Roberts*, 352 A.2d 140, 141 (Pa. Super. 1975)); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). A defendant may not rectify the failure to preserve an issue by objecting within the prescribed time-frame by proffering the issue in a Pa.R.A.P. 1925(b) statement. *Monjaras-Amaya*, 163 A.3d at 469.

The record reflects that Appellant freely entered into his negotiated *nolo contendere* plea after colloquy by the trial court and according to the terms set forth in written plea agreement. Appellant did not object to the validity of his plea at the sentencing hearing or raise any issue related to whether his plea was knowing, voluntary, or intelligent at that hearing. Furthermore, although he was advised that he would only be able to withdraw his guilty plea through a post-sentence motion filed within ten days of the imposition of his sentence, Appellant failed to file such a motion or direct Counsel to do so. While Appellant filed a timely notice of appeal, that does not excuse his failure to object to the plea at the sentencing hearing or file a timely post-sentence motion. Accordingly, Appellant's challenge to the validity of his *nolo contendere* plea is waived. *Monjaras-Amaya*, 163 A.3d at 469; *Lincoln*, 72 A.3d at 610.

Additionally, even if Appellant had not waived this issue, we would conclude that his argument is non-meritorious. To be valid, a guilty or *nolo*

*contendere* plea must be entered into knowingly, voluntarily, and intelligently. ***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016). At the hearing, the trial court is required to inquire (1) whether the defendant understands the nature of the charges; (2) what the factual basis is for the plea; (3) whether the defendant understands that he has a right to a trial by jury; (4) whether the defendant understands that he is presumed innocent until found guilty; (5) whether the defendant is aware of the permissible range of sentences or fines for the offenses; and (6) whether the defendant knows that the trial judge is not bound by the terms of the plea agreement unless she accepts the plea. Pa.R.Crim.P. 590 (comment); ***Kpou***, 153 A.3d at 1023. "[A] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015); ***see also*** Pa.R.Crim.P. 590, Comment. The determination of whether a plea is valid must be made by examining the totality of the circumstances. ***Kpou***, 153 A.3d at 1023-24. The defendant bears the burden of proving that he was not aware of what he was doing when entering a plea. ***Id.*** at 1024.

The record reflects that, through the on-the-record colloquy at the plea hearing as supplemented by the written plea colloquy, Appellant understood the nature of the charges against him, potential maximum sentence and fine, his right to trial by jury, the presumption of innocence, and the fact that the trial court was not bound by terms of the plea agreement. N.T., 9/22/17, at

5-11; Plea Colloquy Form, 9/22/17.  In addition, the trial court found through the stipulated affidavit of probable cause that there was a factual basis for the plea and that the Commonwealth would have proved beyond a reasonable doubt that Appellant was guilty of IDSI and unlawful contact with a minor. N.T., 9/22/17, at 12-13.

While we agree with Counsel that the issue he raised concerning the voluntariness of Appellant's *nolo contendere* plea lacks merit, our independent review of the record reveals an additional issue of arguable merit in this appeal related to the apparent retrospective application of the registration and reporting obligations of the Sex Offender Registration and Notification Act (SORNA)[8] as a part of Appellant's sentence.[9]   SORNA went into effect on December 20, 2012, replacing the existing sexual offender registration statute, which was commonly known as Megan's Law III.[10]  **See** 42 Pa.C.S. § 9799.41; **Commonwealth v. Muniz**, 164 A.3d 1189, 1204 (Pa. 2017). Among the relevant changes of SORNA was that the statute classified offenders into three tiers based on the severity of the offense committed with different registration periods and in-person reporting requirements for each tier.  **See** 42 Pa.C.S. § 9799.15; **Muniz**, 164 A.3d at 1203, 1206-07.  Under

---

[8] 42 Pa.C.S. §§ 9799.10-9799.42.

[9] "A challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewable and may even be raised by an appellate court sua sponte." **Commonwealth v. Batts**, 163 A.3d 410, 434 (Pa. 2017).

[10] 42 Pa.C.S. §§ 9791-9799.9 (expired).

either SORNA or Megan's Law III, an offender such as Appellant who is convicted of IDSI would be subject to lifetime registration. *Compare* 42 Pa.C.S. § 9795.1(b)(2) (expired) *with* 42 Pa.C.S. §§ 9799.14(d)(4), 9799.15(a)(3). However, lifetime registration under Tier III of SORNA imposes increased registration and reporting requirements compared to Megan's Law III, including the addition of quarterly in-person reporting regardless of whether the offender changes his address or employment. *Compare* 42 Pa.C.S. §§ 9799.15, 9799.16 *with* 42 Pa.C.S. § 9795.2 (expired); *see also Muniz*, 164 A.3d at 1207-08.

In *Muniz*, our Supreme Court addressed the issue of whether the application of SORNA to an individual who committed crimes prior to the enactment of that statute violates the *ex post facto* clauses of the United States and Pennsylvania constitutions. The Court concluded that SORNA was punitive in effect despite its expressed civil intent. 164 A.3d at 1218. In analyzing the registration requirements of SORNA as compared to its predecessor statute, the Court held that the additional registration and reporting requirements of SORNA, including the quarterly in-person reporting requirements for Tier III offenders, constituted a greater punishment than would have been imposed prior to the enactment of that statute. *Id.* at 1210-11. The Court therefore determined that the retroactive application of SORNA to crimes committed prior to the enactment of the statute constitutes greater punishment than would have applied under the prior sex-offender registration law at the time the offenses were committed, therefore violating the *ex post*

*facto* clauses of both the United States and Pennsylvania constitutions. *Id.* at 1218, 1223.[11]

According to the affidavit of probable cause, which Appellant stipulated to as the factual predicate for his appeal, Appellant committed his crimes between 2005 and 2007, prior to the December 20, 2012 effective date of SORNA. *See Commonwealth v. Horning*, 193 A.3d 411, 417 (Pa. Super. 2018) (holding that the relevant date for determining whether the application of SORNA violates the *ex post facto* clauses under *Muniz* is the date of the commission of the offense). At the plea hearing, the prosecutor recognized that SORNA was not applicable to Appellant based on the *Muniz* decision. N.T., 9/22/17, at 12-13. However, at the sentencing hearing, Appellant was notified orally and in writing that that he was required to register as a Tier III offender and would have to comply with the SORNA reporting requirements applicable to Tier III offenders, including in-person quarterly reporting to the Pennsylvania State Police. Notice of Registration Requirements Form, 12/22/17; N.T., 12/22/17, at 7-8. In addition, the sentencing order stated that Appellant would be required to "register with the State Police [as a lifetime registrant] and comply with all Tier III requirements." Sentencing Order, 12/22/17. By requiring that Appellant comply with the Tier III

---

[11] Though Justice Dougherty's lead opinion in *Muniz* was only joined in full by two other justices, Justice Wecht in his concurrence, joined by Justice Todd, agreed with the holding of the lead opinion that retrospective application of SORNA violates the *ex post facto* clauses. 164 A.3d at 1232-33 (Wecht, J., concurring).

reporting obligations of SORNA, it appears that the trial court imposed a greater punishment on Appellant than the statute in effect at the time he committed his offense, violating the *ex post facto* clauses of the United States and Pennsylvania constitutions. ***See Muniz***, 164 A.3d at 1218, 1223.

In light of this potentially meritorious issue, we deny Counsel's petition to withdraw and order Counsel to submit either an advocate's brief or a new ***Anders*** brief within thirty days of the date of this memorandum. Counsel may raise any other non-frivolous issues he has identified concerning Appellant's sentence. The Commonwealth may file a brief within thirty days of service of the brief from Appellant's counsel.

Petition to withdraw denied. Appellant's counsel ordered to file an advocate's brief or a new ***Anders*** brief within thirty days of the date of this memorandum. The Commonwealth may file a brief within thirty days of Appellant's counsel's brief. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/19