**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID GREGORY BURROWS | : | |
| | : | |
| Appellant | : | No. 588 WDA 2024 |

Appeal from the PCRA Order Entered May 7, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000393-2022

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: December 27, 2024**

David Gregory Burrows appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. Counsel has filed a motion to withdraw and an accompanying **Anders** brief.[1] For the reasons that follow, we affirm the denial of post-conviction relief and grant counsel's motion to withdraw.

---

[1] As this appeal is from the denial of post-conviction relief, counsel was required to comply with the less restrictive procedural requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), which applies to requests to withdraw from a defendant's direct appeal. Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** Brief in lieu of a **Turner**/**Finley** letter. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004). Thus, we will consider counsel's petition to withdraw under the **Turner**/**Finley** standards.

The pertinent facts and procedural history are as follows: On August 10, 2022, the Commonwealth charged Burrows with seven counts of sex offenses as a result of his interaction with a five-year-old female. On March 7, 2023, he entered a *nolo contendere* plea to one count of aggravated indecent assault. In return, the Commonwealth agreed to withdraw the remaining charges. Because this was his second sex offense conviction, Burrows was facing a mandatory term of ten years of imprisonment. On April 21, 2023, the trial court sentenced Burrow to ten to twenty years of imprisonment. Burrow did not file an appeal.

On October 16, 2023, Burrows filed a *pro se* PCRA petition and the PCRA court appointed counsel. On March 5, 2024, original PCRA counsel filed a petition to withdraw and a no-merit letter pursuant to **Turner**/**Finley**, **supra**. On April 18, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Burrows' petition as meritless. That same day, the PCRA court entered an order permitting PCRA counsel to withdraw. Burrows filed a *pro se* response. By order entered May 7, 2024, the PCRA court denied Burrows' petition. This appeal followed. On May 23, 2024, the PCRA court appointed current counsel. On June 12, 2024, counsel filed a statement of intent to withdraw pursuant to Pa.R.A.P. 1925(b)(4). In lieu of a Rule 1925(a) opinion, the PCRA court relied upon its previous opinion that accompanied its Rule 907 notice.

Before we address the merits of the issues Burrows wished to raise on appeal, however, we must first determine whether PCRA counsel's filing complies with the procedural requirements of **Turner** and **Finley**. A **Turner**/**Finley** "no merit" letter must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petition wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. **Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted). "Counsel must also send a copy of the [letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. **Id.** If these requirements are met, "we then conduct an independent review of the petitioner's issues." **Id.**

Here, PCRA counsel has substantially complied with the **Turner**/**Finley** requirements. PCRA counsel included a copy of a letter she addressed to Burrows informing him of counsel's motion to withdraw, attaching the brief, and explaining to Burrows his right to retain private counsel or proceed *pro se*. Given PCRA counsel's compliance, we must now determine if counsel's assessment of Burrows' appeal is supported by the record.

Burrows wished to raise the following issues on appeal:

1. The [PCRA] court erred in failing to find that the child victim was coached prior to her forensic interview.

2. The [PCRA] court erred in ruling [plea] counsel was not ineffective in failing to object to a continuance of the Tender Years Hearing.

- 3 -

3. The [PCRA] court erred in [ruling that plea counsel was not ineffective] for failing to call witnesses at the Tender Years Hearing?

4. The [PCRA] court erred in failing to find that [Burrows' *nolo contendere*] plea was unlawfully induced due to the ineffectiveness of plea counsel.

5. PCRA counsel was ineffective in failing to provide [Burrows] with documents regarding the discovery in this case and transcripts.

Burrows' Brief at 2 (issues numbered for ease of discussion).[2]

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court

---

[2] In an August 23, 2024 letter, the Commonwealth stated that it would not be filing a brief because it agreed with Burrows' counsel and the PCRA court that Burrows' issues are meritless.

otherwise abused its discretion in denying a hearing. *Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014).

The PCRA court found Burrows waived his first three issues when he entered his *nolo contendere* plea. We agree. Initially, "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. V.G.*, 9 A.3d 222, 226 (Pa. Super. 2010) (citation omitted). Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). Thus, we agree with PCRA counsel belief that these first three claims are frivolous.

In his fourth issue, Burrows asserts plea counsel's ineffectiveness caused him to enter an unlawful plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the

petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Regarding claims of ineffectiveness in relation to the entry of a plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea would serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving

otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Id.*** On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

The PCRA court found no merit to Burrows' claim:

> The record reveals that [Burrows] viewed a video explaining his sentence rights and appellate rights. Prior to the entry of his [*nolo contendere*] plea, the [trial court] asked [Burrows] whether he watched the video that explained his rights, whether he understood his rights and signed a form to that effect and proceeded to review the charges with [Burrows]. The [c]ourt asked whether [Burrows] had the opportunity to review the written colloquy with his attorney. [Burrows] responded "Yes" to all questions. The [c]ourt asked whether there was anything [Burrows] did not understand in the written plea colloquy to which he responded "No." ***See*** [N.T., 3/7/23 at 3-5].

> After discussing [Burrows'] rights, the factual basis for the plea, and the penalties he faced, the [c]ourt accepted [Burrows'] plea as "voluntarily, knowingly, and intelligently made." ***Id.*** at 8. The [PCRA court] arrives at the same conclusion upon review of the record. Therefore, [Burrows'] claim is without merit.

Rule 907 Notice, 4/18/24, at 4.

Our review of the record supports the PCRA court's conclusion. In addition to his responses as highlighted by the PCRA court, Burrows acknowledged that it was in his "best interest to enter this no contest plea." N.T., 3/7/23, at 7. Burrows is bound by his statements and cannot contradict them now. **Pollard**, **supra**. Thus, we agree with PCRA counsel's claim that Burrows' fourth issue is meritless.

In his fifth issue, Burrows claims prior PCRA counsel was ineffective for failing to provide him with discovery. This claim is properly before us. **See generally**, **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). Nonetheless, we agree with counsel's assessment that this claim lacks merit because there is no requirement for counsel to provide such materials at the post-conviction stage. Rather, before withdrawing, prior PCRA counsel stated that she reviewed all relevant discovery and information regarding Burrows' case.

In sum, our independent review of Burrows' issues support PCRA counsel's opinion that Burrows' claims on appeal are either waived or lack merit. Thus, we grant counsel's motion to withdraw and affirm the PCRA court's order denying Burrows post-conviction relief.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/27/2024